(112 App. Div. 458)
STEVENS· v. McADOO et al.

(Supreme Court, Appellate Division, First Department. April 20, 1906.)

1. INJUNCTION—ENFORCEMENT OF CRIMINAL LAW—EQUITABLE RELIEF.

　·A court of equity has no jurisdiction to restrain police officers from stationing themselves in front of premises where plaintiff is conducting his business, which the police officers are of the opinion consists in operating a poolroom in violation of Pen. Code, § 351, and from warning persons entering the place that it is being unlawfully conducted, and that persons found therein will be liable to arrest.

2. SAME—REMEDY AT LAW.

　Plaintiff's remedy, if any, was by invoking Pen. Code, § 556, providing that a public officer doing any act whereby another person is injured in his person, property, or rights commits oppression, and is guilty of a misdemeanor, or by suit against the officers for damages.

　O'Brien, P. J., dissenting.

Appeal from Special Term, Kings County.

Suit by Lawrence Stevens against William McAdoo and others. From an order granting an injunction pendente lite, defendants appeal. Reversed.

Argued before O'BRIEN, P. J., and PATTERSON,·INGRAHAM, LAUGHLIN, and CLARKE, JJ.

Terence Farley, for appellants.

Albert Tameling, for respondent.

INGRAHAM, J. The action was brought against the defendants, William McAdoo, police commissioner, William J. Eggers, an acting police captain, and James F. Nally, a police captain, in the police department of the city of New York, to restrain these officers from keeping, stationing, and maintaining upon or in front of the plaintiff's business any officers under their command, or from unlawfully entering the premises of the plaintiff, or from otherwise continuing to oppress the plaintiff, and trespassing upon the premises occupied by him, and to recover the sum of $5,000. The action was originally brought in Kings county, and upon the complaint and affidavits a temporary injunction was granted by a justice of the Supreme Court, with an order to show cause why that injunction should not be continued until the trial of the action. In answer to the motion to continue the injunction, there were submitted the affidavits of the captains and other police officers, stating that they were of the opinion that the premises of the plaintiff and the telephones therein were being used for the purpose of operating and conducting a poolroom, in violation of section 351 of the Penal Code, and stating the facts upon which their conviction was founded. Upon the hearing of this motion, the Special Term continued the injunction, restraining the defendants and each of them and the officers under their command from maintaining policemen or police officers in front of or adjacent to the plaintiff's premises; from keeping, stationing, and maintaining in front or adjacent to the plaintiff's premises, or in the halls or at the doorway leading thereto, any of the officers under the command of the defendant, or either of them, against the will of the plaintiff; or from unlawfully interfering with the customers and patrons of the plaintiff's said business, or persons desiring

to do business with the plaintiff upon said premises; and further, from "unlawfully interfering with the possession or control of said premises by plaintiff herein, or from unlawfully trespassing upon said premises, or from removing or destroying any of the plaintiff's chattels or property in said room occupied by plaintiff without due warrant or process of law." Subsequently, upon motion of the defendants, the place of trial of the action was changed to the county of New York, whereupon the defendants appealed from this order continuing the injunction.

The defendants are police officers, whose duties it is to arrest persons violating the criminal law of this state. They are responsible for any unauthorized or illegal use of this power, conferred upon them by law for the protection of the people and for the punishment of criminals, and a court of equity has no jurisdiction to determine whether a person has or has not been guilty of a crime, or whether a person is about to commit a crime for which he should be arrested. The foundation of the plaintiff's complaint is that the police have charged him with being engaged in a business whch the law has made criminal; that he is innocent of the charge; that the business in which he is engaged is not criminal; and he therefore asks a court of equity to determine that he is not committing a crime; that his business is not criminal, and to enjoin the officers from interfering with his business, or with those wishing to do business with him; and the court has entertained this application, and restrained the police officers from interfering with the plaintiff's business, which they claim is unlawful and criminal. I supposed it had been definitely settled in this state that a court of equity has no jurisdiction in such an action. That persons engaged in a business which is claimed by the police to be criminal have from time to time attempted to have the question as to whether it is or is not criminal determined by a court of equity upon affidavit is quite familiar to those who have been engaged in the administration of justice in New York. Prize fights, horse racing, poolrooms, liquor selling without a license, and other occupations prohibited by law, have been carried on for years under the protection of injunctions issued by courts of equity restraining the police from interfering with the persons engaged in these various occupations; but where the questions have been presented to the appellate courts it has almost uniformly been held that a court of equity has no jurisdiction to determine such questions, and that a person cannot, under the guise of an allegation that the police in the performance of their duty of suppressing crime and arresting criminals are interfering with his business, obtain an injunction restraining the police from interfering with such business, or arresting those who engage in the business which the police claim is criminal. Davis v. American Society for the Prevention of Cruelty to Animals, 75 N. Y. 362; Kramer v. Police Department of New York, 53 N. Y. Super. Ct. 492. In Delaney v. Flood, 183 N. Y. 323, 76 N. E. 209, the Court of Appeals, on an appeal from an order enjoining the defendant, who was a captain of police, from stopping any person who should desire to enter the premises of the plaintiff, answered in the negative the question whether equity would interfere to restrain the police authorities from stationing policemen outside of a place which has a liquor tax license, and which they

suspect of being a disorderly house, and notifying customers that the place is a disorderly house; and in deciding that case the court say:

"If the plaintiff did in fact maintain a disorderly place, it was the defendant's right, if it was not his duty, to warn persons about to enter against becoming participators in plaintiff's violation of the law. The whole question, whether the acts of the defendant and his inferior officers were legal or not, depends entirely upon the character of the so-called hotel. This basic question should not be determined in a court of equity upon affidavits, but in a court of law, and by evidence that is tested and scrutinized according to the settled rules."

And then, after citing Davis v. American Society for the Prevention of Cruelty to Animals, supra, and quoting largely from the opinion in that case, the court continued:

"If equity will not intervene in behalf of a concededly lawful business of a fixed and unchanging character, to prevent the criminal prosecution of some alleged unlawful act in its conduct, how can such intervention be justified in a case where the business itself, when lawfully conducted, exists by mere sufferance of law, or where it is of such a character that it may be lawful or unlawful, at the will of him who conducts it? Such a situation as is presented in the case at bar is one which, in its very nature, cannot be adequately dealt with by a court of equity. What might be a trespass at one instant of time may be a perfectly justifiable and necessary act at another. Here lies the fundamental distinction between the case at bar and that class of cases in which equity assumes jurisdiction to restrain trespasses that are continuous or permanent in their nature, and where such relief is necessary to obviate multiplicity of actions at law, and to prevent continuity of wrong. * * * The whole subject may be briefly summed up in the statement that we see nothing in the case at bar to take it out of the ordinary rule that equity will not interfere to prevent the enforcement of the criminal law. If the plaintiff has been oppressed and injured by any unlawful act of the defendant, he may invoke the Penal Code (section 556), or he may have an action at law for his damages."

This case, it seems to me, must set at rest any question as to the right of the police to interfere with a business which is claimed to be carried on in violation of law, where the effect of an injunction would be to prevent the police from enforcing the criminal law. The cases cited by the plaintiff decided in the Second Department must be deemed overruled by Delaney v. Flood, supra.

It follows that the order appealed from should be reversed, with $10 costs and disbursements, and the motion to continue the injunction denied, with $10 costs, and the temporary injunction vacated.

CLARKE, J., concurs. LAUGHLIN, J., concurs in result.

PATTERSON, J. I concur, on the ground that the facts of this case show that it comes within the doctrine announced in Delaney v. Flood, 183 N. Y. 323, 76 N. E. 209.

O'BRIEN, P. J. (dissenting). The case of Delaney v. Flood, 183 N. Y. 323, 76 N. E. 209, is cited by Mr. Justice INGRAHAM as authority for the proposition that equity will never interfere to restrain a trespass or prevent police officers from doing unlawful acts. If that case so decided it would be our duty to follow it. I do not think, however, it is an authority for the proposition so broadly stated by Mr. Justice INGRAHAM. It was therein said:

"The question, in substance, is whether equity will intervene to restrain the police authorities from stationing officers outside of a place having a liquor tax certificate, when such authorities suspect that place of being conducted as a disorderly house, which is likely to be raided at any moment. * * * The pivotal point around which this question revolves is, that the plaintiff is engaged in the sale of intoxicating liquors."

And in concluding the court says:

"The whole subject may be briefly summed up in the statement that we see nothing in the case at bar to take it out of the ordinary rule that equity will not interfere to prevent the enforcement of the criminal law."

It will be noticed, therefore, that the purpose sought by the injunction was to restrain the police from enforcing the criminal law, which they were attempting to do by exercising the right of inspection expressly given by statute. The Delaney and other cases referred to were all instances wherein injunctions have been refused because, first, the plaintiff was conducting a business requiring an excise or other license, or coming within section 315 of the charter; or, second, where the acts threatened affected no property rights, of which Davis v. American Society for the Prevention of Cruelty to Animals, 75 N. Y. 362, also referred to by Mr. Justice INGRAHAM, and cited in Delaney v. Flood, supra, is an illustration. Here the purpose sought by the injunction was to restrain the police officers from doing acts which were clearly acts of trespass with respect to private individuals, doing what was presumably a private business, and prevent them from forcibly invading the plaintiff's premises without warrant or process of law. There is no claim that the business which the plaintiff claimed to be conducting was one that required a license, or that it was within section 315 of the charter. Laws 1901, p. 136, c. 466. The plaintiff was a private citizen, conducting what he asserted was a legal business, and the complaint is that the police without warrant had forcibly entered his premises and destroyed property, and, upon his stating that he intended (because he had a right to pursue that business) to re-establish it, the police replied that they would, in that event, return, and again forcibly enter the premises, and injure the property which he was using in that business; in other words, they proposed to repeat the trespass and destroy property without warrant of law as often as plaintiff attempted to do business. I do not think that Delaney v. Flood, supra, or any other case, has gone to the extent of holding that the police have the right to invade houses and places of business without warrant where such a business is not done under a license, or is not one where, under the right which the police have of inspection, their entrance for that purpose would not be a trespass. A private citizen whose business or property is thus invaded without warrant has no adequate remedy where it is threatened to repeat the acts of trespass except to enjoin the unlawful acts; and, as I do not read the case of Delaney v. Flood, supra, as holding that equity should not interfere by injunction in any case, I dissent from the conclusion reached by the majority of the court.