(58 Misc. Rep. 621.)

### PEOPLE ex rel. REARDON v. FLYNN.

(Supreme Court, Special Term, New York County. April, 1908.)

OFFICERS—POLICE OFFICERS—"OPPRESSION."

Where a person goes to a billiard room to collect a bill, and while there the place is raided by the police on information that gambling was going on there, and an officer, though told by such person of the reason for his presence, struck him and took him before a magistrate for disorderly conduct, on which charge the magistrate discharged him, and such person was neither gambling nor in the commission of any overt act authorizing his arrest, the police officer was guilty of oppression under Pen. Code, § 556.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 6, p. 5000].

William Travers Jerome, Dist. Atty. (Robert Johnston, of counsel), for the People.

John P. McGovern, for complainant.

Abraham Levy, for relator.

LEVENTRITT, J. The relator has been held by the committing magistrate to answer upon trial for the crime of oppression. Under a writ of habeas corpus he traverses the return of the magistrate, alleging that the evidence upon which he was committed was insufficient to prove the crime charged or to confer jurisdiction upon the magistrate. The relator was apprehended on the complaint of one Barney Marks, alleging, in substance, that the relator, a special officer, maliciously and unlawfully arrested the complainant and detained him against his will; that he seized his property, struck him on the head several times, and called him opprobrious names, thereby causing him injury. At the hearing before the magistrate the complainant testified that he was a cigar maker and had been engaged in business at Nos. 128 and 130 Broome street for about 15 years; that on the 7th day of November, 1907, he went to collect a bill for cigars from one Berman, who had a cigar stand at No. 270 Grand street, where a billiard and pool room was conducted; that, while standing at the cigar counter awaiting the arrival of Berman, a number of officers entered, accompanied by the relator, who drew two revolvers and directed one of the officers to "get three patrol wagons." What then transpired is best shown in the language of the complainant as disclosed by the record:

"I thought it was time for me to go. I said to the officer, this gentleman here, standing alongside of the cigar counter, I said to him, 'Officer, excuse

me. I came here to collect $8.' And he gave me no answer whatever. I said it again. I said: 'I am here for the purpose of collecting $8'—and he gave me no answer again, and, if I am not mistaken, I said it a third time, and the third time this gentlemen came over to me. [Indicating.]

"Q. Reardon? A. Yes, sir. And I said: 'Officer, I am here for the purpose of collecting $8.' And, as I said that, he said: 'You dirty Sheeney bum!' and he struck at me once and I dodged it, and he struck at me again and I dodged it again. He struck at me three or four times, and the last two times he hit me."

While attempting to explain to the relator his presence in the premises and endeavoring to exhibit his business card, the complainant was arrested. He was charged with disorderly conduct, taken before a magistrate and discharged. He is substantially corroborated by witnesses. The incident which culminated in the complainant's arrest was a raid made at the instance of the relator upon information furnished by special officers that gambling was in progress in the premises entered. The relator and his witnesses swore that Marks was gambling, and that he was struck while interfering with the officers and resisting arrest. It is conceded that the relator had no warrants. The magistrate believed the complainant's story, and I am, therefore, not permitted to credit or discredit testimony nor weigh the evidence, but am required to accept Marks' story as true.

The only question presented for determination is: Conceding the truth of his statements, has the crime of oppression been proven? Section 556 of the Penal Code defines oppression in this language:

"A public officer, or a person pretending to be such, who unlawfully and maliciously, under pretense or color of official authority: (1) Arrests another or detains him against his will; or (2) seizes or levies upon another's property; or (3) dispossesses another of any lands or tenements; or (4) does any other act whereby another person is injured in his person, property or rights, commits oppression and is guilty of a misdemeanor."

The complainant, Marks, was both arrested and detained against his will. He was in the premises No. 270 Grand street for a lawful purpose, and was not engaged either in gambling or in the commission of any overt act which would subject him to the liability of arrest. Therefore his arrest was unlawful. Not only was his innocence of wrongdoing apparent to the relator, but Marks attempted to explain his object in standing at the cigar counter. These attempted explanations were met by an assault which resulted in bodily injury and by abuse. This conduct, under the circumstances, was sufficient to justify an inference of malice. I am of the opinion, therefore, that if the story of Marks be true, and I must so treat it on this application, he was unlawfully and maliciously arrested and detained against his will by the relator under color of official authority. If the facts stated do not constitute oppression, it is difficult to conceive how the crime can be made out. The essential elements are defined by Penal Code, § 556, and in the complainant's evidence upon which the magistrate has placed the stamp of verity proof of no element has been omitted. To sustain the writ would be to declare the statute a dead letter in the face of judicial dicta to the contrary. Delaney v. Flood, 183 N. Y. 323, 76 N. E. 209, 2 L. R. A. (N. S.) 678, 111 Am. St. Rep. 759; Stevens v. McAdoo, 112 App. Div. 458, 98 N. Y. Supp. 553. I have

disposed of this application upon the merits without reference to the irregularity of the return called to my attention by the supplemental memorandum filed by the complainant's attorney. The writ must be dismissed.

Writ dismissed.

---

(58 Misc. Rep. 624.)

### PEOPLE ex rel. REARDON v. FLYNN.

(Supreme Court, Special Term, New York County. April, 1908.)

