(58 Misc. Rep. 624.)

### PEOPLE ex rel. REARDON v. FLYNN.

(Supreme Court, Special Term, New York County. April, 1908.)

OFFICERS—POLICE OFFICERS—"OPPRESSION."

A police officer is guilty of oppression under Pen. Code, § 556, where he enters a saloon, and, without any justification, points a pistol at a woman who is there, and detains her against her will, and commits acts whereby she is injured.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 6, p. 5000.]

Application by the people, on the relation of Edward J. Reardon, for a writ of habeas corpus against William Flynn, warden of the city prison of New York. Writ dismissed.

William Travers Jerome, Dist. Atty. (Robert Johnston, of counsel), for the People.

John P. McGovern, for complainant.

Abraham Levy, for relator.

LEVENTRITT, J. In this case the relator entered a saloon, and, without any provocation or justification, pointed a pistol at the complainant and called her vile names. No arrests were made, and, so far as the record discloses, there was no occasion for an arrest. The complainant was so badly frightened that she became ill. The relator offered no evidence. The magistrate believed the complainant, and held the relator for oppression. The acts committed in this case seem even more unwarrantable than those in the Marks case (People ex rel. Reardon v. Flynn, 111 N. Y. Supp. 1065), and I am of the opinion that in view of the magistrate's finding the relator unlawfully and maliciously, under cover of official authority, detained the complainant against her will and committed acts whereby she was injured. That, says the Penal Code, constitutes oppression.

The writ must be dismissed.