EDEN MUSEE AMERICAN CO., Limited, v. BINGHAM, Police Com'r.

(Supreme Court, Appellate Division, First Department. May 8, 1908.)

INJUNCTION—SUBJECTS OF PROTECTION AND RELIEF—CRIMINAL PROSECUTIONS.
    Equity is without jurisdiction to grant an injunction restraining the police from arresting a person for violation of Pen. Code, § 265, prohibiting public shows on Sunday, on the ground that the exhibition of paintings, statuary, wax figures, plastic groupings, and curios in the museum of the person threatened with arrest was not in violation of that section, and that the police were mistaken in their conclusion that it was.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Injunction, § 178.]

Appeal from Special Term.

Action by the Eden Musee American Company, Limited, against Theodore A. Bingham, individually and as police commissioner. From an order continuing, during the pendency of the action, the temporary injunction granted (108 N. Y. Supp. 200), defendant appeals. Reversed.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Theodore Connoly, for appellant.
J. Aspinwall Hodge, for respondent.

INGRAHAM, J. The relief asked for in this case is that the defendant, who is the police commissioner of the city of New York, be enjoined from interfering with the exhibition of the plaintiff on Sunday, and for such other and further relief as to the court may seem just. This demand for an injunction is based upon the fact that the plaintiff has for 25 years maintained an exhibition of "heroic, religious, patriotic and historic scenes, in which the figures are elaborately costumed in the clothing appropriate to the age and personages represented. These figures are ordinarily made of wax, and they are of high artistic excellence and historic accuracy. * * * And it has also been the custom in the past on Sunday to have a concert consisting of instrumental music, at which the orchestra played sacred music, the stage entertainment above mentioned being omitted." The complaint alleges that plaintiff made inquiry of the defendant as to whether he considered plaintiff's exhibition of wax figures and curios a place of amusement which it was unlawful to open on Sunday, whether he proposed to use the process of the criminal law to close the same on that day by arresting the officers or employés of the plaintiff, and also whether in case this plaintiff omitted all music, and all entertainment of every kind, but nevertheless opened its doors on Sunday, the 8th of December, or on any Sunday thereafter, such arrest would be made by the order of the defendant, and that to all these questions the de-

fendant replied in the affirmative. Upon this complaint a temporary injunction was granted enjoining the defendant "from interfering on Sunday with the plaintiff's exhibition of paintings, statuary, wax figures, plastic groupings, and curios, or with the opening thereof on Sunday for the admission of the public when such exhibition is unaccompanied with any entertainment of the stage"; and this injunction was continued by the Special Term during the pendency of the action. There was quite an elaborate opinion by the learned justice at Special Term, the court saying that the only question was whether the Sunday exhibition of the plaintiff may be termed a public show within the meaning of section 265 of the Penal Code, and after an exhaustive consideration of the authorities he came to the conclusion that it was not, and concludes:

"As the injunction is here expressly limited to plaintiff's exhibition of paintings, statuary, and other objects, and is not intended to permit any entertainment of the stage or of a musical nature, the plaintiff should not be interfered with by the police in the exhibition which it is asserted it is now conducting."

The only act which the defendant as police commissioner of the city of New York threatened to do was to arrest the plaintiff's officers or employés upon a charge that they were violating the law in relation to the observance of the Sabbath. The effect of the injunction is to prevent the defendant from arresting a person charged with the commission of a crime by an order of a court of equity. There is no charge that this defendant has committed or has threatened to commit a trespass, and it was the duty of the defendant to enforce the criminal law and to arrest any one committing a crime. There is presented, therefore, the question whether a court of equity has jurisdiction to interfere with a police officer in the performance of his duty by an injunction prohibiting the police officer from arresting a person so charged upon the ground that the act which the plaintiff was about to do was not a crime and the police officer was mistaken in his conclusion that it was. It seems to me that the mere statement of the proposition involves the answer to it. I have expressed my views upon this question so frequently that it is hardly necessary to say more than to refer to the various cases in which they have been reported. Kramer v. Police Department of City of New York, 53 N. Y. Super. 492; Stevens v. McAdoo, 112 App. Div. 458, 98 N. Y. Supp. 553; Burns v. McAdoo, 113 App. Div. 165–173, 99 N. Y. Supp. 51. And see, also, the opinion of Mr. Justice Clarke in the latter case, in which I concurred, any my views are based upon what I understand to be the decision of the Court of Appeals in Davis v. American Society P. C. A. 75 N. Y. 362, and Delaney v. Flood, 183 N. Y. 323, 76 N. E. 209, 2 L. R. A. (N. S.) 678, 111 Am. St. Rep. 759. In this latter case what the defendant, who was a police captain, was restrained from doing was stationing policemen outside of a place which has a liquor license and which the police suspected of being a disorderly house to notify the customers who were in the place and those about to enter the premises that the place was a disorderly house, and as such liable to be raided by the police any minute, and that those who are in the place at the

time of the raid are liable to arrest. The question certified to the Court of Appeals was whether equity would intervene to restrain such acts. After an examination of the authorities, the court ended its opinion by saying:

"The whole subject may be briefly summed up in the statement that we see nothing in the case at bar to take it out of the ordinary rule that equity will not interfere to prevent the enforcement of the criminal law. If the plaintiff has been oppressed and injured by any unlawful act of the defendant, he may invoke Pen. Code, § 556, or he may have an action at law for his damages."

And the question was answered in the negative. In two cases this court has sought to distinguish this case. In Burns v. McAdoo, supra, where the injunction was sustained upon the ground that the police were threatening an unlawful trespass upon the plaintiff's property, and in McGorie v. McAdoo, 113 App. Div. 271, 99 N. Y. Supp. 47, which was also a case where a trespass upon real property was threatened. But in no case in this court that I can discover has it been decided where there was no threat of a trespass, and the sole question was whether an act which was contemplated by the plaintiff was a violation of the criminal law, that the police authorities could be enjoined from making an arrest. It seems to me to be settled by the authorities I have cited that a court of equity has no such jurisdiction, and for that reason this injunction was improperly granted.

It was asserted by the learned counsel for the respondent in his supplemental brief that Delaney v. Flood, supra, reported in this court at 105 App. Div. 642, 94 N. Y. Supp. 1143, was unanimously affirmed, two of the present justices of this court concurring, and, when that statement was questioned on the argument, that fact was confidently and emphatically reaffirmed. As a matter of fact the statement is without foundation. I was not a member of the court which affirmed that order nor had I anything to do with its decision.

It follows that the order appealed from must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.

McLAUGHLIN and SCOTT, JJ., concur.

CLARKE, J. For the reasons stated in my opinion in Burns v. McAdoo, 113 App. Div. 165, 99 N. Y. Supp. 51, I concur.

LAUGHLIN, J. (concurring). The plaintiff in this case is conducting publicly every Sunday the same business that it conducts on week days and substantially in the same manner, charging fees for admission which involves the employment of men on the Sabbath to perform similar duties to those regularly performed by them on secular days. It does not clearly appear that the plaintiff is not violating provisions of law enacted to secure a proper observance of the Sabbath, and it cannot fairly be said that the police in threatening to close the business on Sundays are acting arbitrarily. For the reasons expressed by me in Burns v. McAdoo, 113 App. Div. 165, 99 N. Y. Supp. 51, and in Devlin v. McAdoo, 116 App. Div. 224, 101 N. Y. Supp. 546, I am of opinion that the temporary injunction order should not have been granted. I therefore concur in the reversal of the injunction order.