## FIFTH AVE. COACH CO. v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department.    June 5, 1908.)

1. INJUNCTION—WHEN PROPER.

Injunction will not lie to prevent a city from interfering in any way with a stage company displaying signs or advertisements on the exterior of its coaches, since if any one forcibly and unlawfully destroys the coaches, or interferes with the signs or advertisements, he is liable civilly for damages, as well as criminally.

2. MUNICIPAL CORPORATIONS—STREETS—REGULATION OF TRAFFIC.

A city can regulate by ordinance traffic upon its streets.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, § 1432.]

3. SAME.

An ordinance barring from the streets advertising trucks, vans, and wagons, and providing that business notices may be placed upon ordinary business wagons if such wagons are engaged in the usual business or work of the owner, and not used merely or mainly for advertising, does not prevent a stage company from displaying signs and advertisements on the exterior of its coaches.

4. INJUNCTION—RIGHT TO—INTERFERENCE WITH ULTRA VIRES ACT.

A stage company cannot enjoin a city from interfering with its displaying signs or advertising on the exterior of its coaches, advertising other lines of business, where it has no authority to use its coaches for advertising any other business than its own.

Appeal from Special Term.

Action by the Fifth Avenue Coach Company against the city of New York. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before INGRAHAM, McLAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

William H. Page, for appellant.

Terence Farley, for respondent.

McLAUGHLIN, J.  The plaintiff runs a stage line on Fifth avenue, in the city of New York, and brought this action to recover a judgment perpetually enjoining and restraining the defendant from interfering in any way with its displaying signs or advertisements on the exterior of its coaches; it alleging in the complaint that the defendant had threatened and intended to interfere with it in this respect. Defendant by its answer denied that it had made the threats, and then, as an affirmative defense, alleged that the displaying of such signs or advertisements was in violation of an ordinance of the city, which was set forth. The court found that the displaying of such signs or advertisements was in violation of the ordinance, and that the same was not a necessary incident of plaintiff's business, and was an ultra vires act, for which reason it refused to grant the injunction and dismissed the complaint on the merits.

The complaint was properly dismissed, and the judgment would be affirmed without opinion, were it not for the fact that we do not concur in the reasons assigned by the learned justice at Special Term for making this disposition of the case. From the facts proved, and the findings made, a case is not presented to a court of equity which

calls for the exercise of its powers. This court held, in Eden Musee Am. Co., Ltd., v. Bingham, as Police Com'r (decided at the April Term, not yet officially reported) 110 N. Y. Supp. 210, that a court of equity would not exercise its jurisdiction to prevent a police officer from arresting a person for the performance of an act which was not a crime. Much less, then, will it by injunction interfere to prevent a person or municipal corporation from doing an alleged illegal act, especially when it is apparent that such act, if committed, will not do the party complaining an irreparable injury, or such as may not be compensated in an action at law. A court of equity has great power; but it has only recently been supposed that such power would be exercised in every case, at the mere suggestion of a party, to prevent a real or imaginary wrong. If any person, by the use of force, destroys the plaintiff's coaches, or interferes with the signs or advertisements on their exterior, then, if the plaintiff is legally entitled to display such signs or advertisements, such person can be arrested and punished under the criminal laws of the state, and an action can also be maintained against the party committing such acts to recover the damages sustained.

The plaintiff, under its charter, has a right to operate its stage line along the avenue in question, and whether or not it can, as an incident to that right, display signs or advertisements on the exterior of its coaches, must be determined when the question actually arises, and not, as here, upon a supposed case which has for its foundation a mere threat which may never be carried into effect. The plaintiff is incorporated under the statutes of the state, and if it be true, as asserted, that it is exceeding its corporate powers, this would seem to be a concern of the state, and not of the city, and it is difficult to imagine how the city can be legally justified in interfering upon this ground. The city undoubtedly, by ordinance, can regulate the traffic upon its streets; but it may not be out of place to suggest that the displaying of the signs or advertisements in question does not violate the ordinance set out in the defendant's answer and proved upon the trial. That ordinance reads as follows:

"No advertising trucks, vans or wagons shall be allowed in the streets of the borough of Manhattan under a penalty of ten dollars for each offense. Nothing herein contained shall prevent the putting of business notices upon ordinary business wagons so long as such wagons are engaged in the usual business or work of the owner and not used merely or mainly for advertising."

The plaintiff's vehicles are engaged in its usual business, which is the transportation of passengers, and the same are not used "merely" or "mainly" for advertising.

The judgment appealed from is therefore affirmed, with costs.

INGRAHAM, J., concurs.

SCOTT, J. I concur in the affirmance of this judgment on the grounds stated by Mr. Justice McLAUGHLIN, and upon the further ground that the plaintiff has no right or authority to use its stages for the purpose of advertising any other business than that which it conducts itself.

CLARKE and HOUGHTON, JJ., concur with SCOTT, J.