Cohn, J.
This is an appeal from a judgment of the Court of Special Sessions of the City of New York convicting defendant of the crimes of coercion (Penal Law, § 530) and oppression (Penal Law, § 854).
The facts are that on the early morning of July 27, 1949, defendant, a police officer, while in uniform, was assaulted by the complainant, one William Howell, after the latter had béen found asleep in his truck, illegally parked on a highway some distance from the curb. Defendant arrested Howell and booked Trim at the local police station on a charge of felonious assault (cf. Penal Law, § 242, subd. 5). Thereafter a detective drove defendant and Howell to police headquarters preparatory to arraigning Howell before a Magistrate in the Felony Court.
*197 According to complainant, while riding in the detective’s automobile, he had a conversation with defendant and the detective in which he was told that he would have to serve time “ maybe several months to a year.” Desirous of avoiding imprisonment, Howell sought advice as to how to lessen the charge. He was then informed that if he would “ get ” $50 the matter could be arranged so that he would not be committed to jail. To enable Howell to obtain the cash, defendant and the detective permitted him to telephone his common-law wife, who was asked to bring the money to court.
Later in the morning Howell was arraigned on defendant’s charge of felonious assault. After defendant had testified at the hearing before the Magistrate the court reduced the charge to disorderly conduct upon recommendation of a representative of the Legal Aid Society who appeared for Howell, and consent of the assistant district attorney. Howell pleaded guilty and was fined $10. Thereafter, according to the testimony of the People’s witnesses, Howell met defendant in the corridor of the courtroom and asked him if in the light of the fine, $40 would be sufficient. Upon defendant’s assent, Howell gave that sum to him. Defendant denied that he ever asked for, or received any money from Howell.
The triers of the issues of fact believed the People’s witnesses and adjudged the defendant guilty on each count of the information.
The People’s evidence outlined, which was accepted as true, was insufficient to sustain either count of the information. The first count was grounded on subdivision 4 of section 854 of the Penal Law. That statute, so far as pertinent, reads as follows:
“ §854. Oppression committed under color of official right.
“ A public officer, or a person pretending to be such, who, unlawfully and maliciously, under pretense or color of official authority: * * #
“ 4. Does any other act, whereby another person is injured in his person, property, or rights,
“ Commits oppression and is guilty of a misdemeanor.” The proof in the People’s case did not show that defendant, under pretense or color of official authority, caused an injury to the person or property or rights of complainant. An officer who has agreed to give favorable testimony concerning a prisoner at the expense of the truth is not acting “ under pretense or color of official authority. ” No authority exists in a police officer to agree to color his testimony in behalf of a prisoner in consid *198 eration of the payment of money. The crime of oppression as charged in the information was not established and should have been dismissed.
An example of the crime of oppression is to be found where an official performs an act which is within the scope of his official authority but in performing the act he does so in bad faith and in pursuance of some evil purpose not connected with his duty. The crime might also be established where an officer performs an unauthorized act under the pretense that he is performing his official duty and has the power to do the act in question. (Cf. People ex rel. Reardon v. Flynn, 58 Misc. 621; Delaney v. Flood, 183 N. Y. 323, 329, and Stevens v. McAdoo, 112 App. Div. 458, 462.)
The second count in the information charges the crime of coercion. The relevant portion of the statute (Penal Law, § 530) provides:
“ A person who with a view to compel another person to do or to abstain from doing an act which such other person has a legal right to do or to abstain from doing, wrongfully and unlawfully, * * *
“ 3. Uses or attempts the intimidation of such person by threats or force,
1 ‘ Is guilty of a misdemeanor. ’ ’ |
At the trial there was no evidence adduced to show that any force was used upon Howell nor was there a showing of any attempted intimidation by force. The fact that the suggestion was made to Howell that he would be sentenced to jail for several months and perhaps a year was not a threat. Howell was charged with felonious assault, a felony, and if convicted the sentence might, of course, have been for the time stated or it might have been for more or less. The term “ threat ” necessarily imputes the visitation of some harm, injury or detriment to or upon another or to the property of another. The record in this case is devoid of any proof that defendant in any way threatened Howell or his property or the property belonging to anyone else. The evidence of the complainant to the effect that defendant would color his testimony so that if he, Howell, would pay the defendant the sum promised he would have little or no trouble was insufficient to establish the crime of coercion.
The facts, if believed, might well have shown that defendant was guilty of the crime of bribery as defined in sections 372 and 379 of the Penal Law or of the crime of taking unlawful fees as defined under section 1826 of the Penal Law. (Cf. People v. *199 Harvey, 235 N. Y. 282, 287; People v. Lafaro, 250 N. Y. 336, 343; People v. Clougher, 246 N. Y. 106, and People v. McCarthy, 256 App. Div. 522, 527, affd. 280 N. Y. 763.) Charges under any one of these statutes would constitute felonies for which defendant could be tried only in the Court of General Sessions or in the Supreme Court, where a jury trial is vouchsafed to the accused. Though the evidence might well justify a conviction for a violation of any one of the cited sections of the Penal Law, defendant was not charged with any of those crimes.
It is of course the law that one act which is a crime under two or more sections of the Penal Law does not bar prosecution under either provision or both. In such case the Grand Jury and the District Attorney may properly determine under which of the applicable sections of the statute an indictment is to be found or an information is to be filed. (People v. Florio, 301 N. Y. 46, Conway, J.; see, also, People v. Malavassi, 248 App. Div. 784, affd. 273 N. Y. 460.) Moreover, in case of a felony charge, it is the function of the Grand Jury and the District Attorney to decide who shall be prosecuted.
Where, as here, the acts proven do not constitute the crimes charged, there can be no conviction for a crime not committed upon the theory that defendant may have been shown to be guilty of some other crime not charged. (People v. Noblett, 244 N. Y. 355, 359; People v. Hendricks, 232 App. Div. 186, 189.) Upon this record the proof was insufficient as a matter of law to sustain the charges of oppression and coercion or of either one of these misdemeanors. Accordingly, I vote to reverse the judgment of conviction and to dismiss the information as to each count.
Glennon, J. P., and Callahan, J. concur; Dore, and Shlentag, JJ., dissent and vote to affirm.
Judgment reversed and the information dismissed as to each count.