### McGORIE v. McADOO et al.

(Supreme Court, Appellate Division, First Department. May. 11, 1906.)

INJUNCTION—SCOPE OF REMEDY—UNLAWFUL SURVEILLANCE BY POLICE.

> Where police officers are stationed in and about a building where the undisputed proof shows a legitimate business is being conducted, and while so stationed interfere with customers desiring to enter the building to transact business, the only excuse for the presence of the officers being a suspicion on the part of the police department that something unlawful has been or will be done upon the premises, a court of equity has jurisdiction to enjoin further police interference.
>
> Ingraham and Clarke, JJ., dissenting.

Appeal from Special Term, New York County.

Action by Frank S. McGorie against William McAdoo and others. From an order vacating an injunction (99 N. Y. Supp. 1107), plaintiff appeals. Reversed.

Argued before O'BRIEN, P. J., and PATTERSON, INGRAHAM, LAUGHLIN, and CLARKE, JJ.

Maurice Meyer, for appellant.
Terence Farley, for respondents.

PATTERSON, J. This appeal is from an order made at the Special Term of the Supreme Court in the First Judicial District vacating an order of injunction pendente lite granted at the Special Term of the Supreme Court in the Second Judicial District. The facts connected with the granting of the order appealed from are as follows: In an action brought for equitable relief, the plaintiff on September 15, 1905, obtained an order from one of the justices of the Supreme Court of the state of New York in the Second Judicial District, which required the defendants to show cause at the Chambers of the Supreme Court at the county courthouse in the borough of Brooklyn in the city of New York on the 16th of September, why an order should not be made enjoining and restraining them and their servants, agents, and employés during the pendency of the action from maintaining policemen or police officers

within certain premises leased and occupied by the plaintiff in the borough of Manhattan in the city of New York, and also from keeping, stationing, and maintaining within the premises and in the halls and in the doorways leading thereto any of the officers under the command of either of the defendants against the will of the plaintiff, or otherwise continuing to oppress the plaintiff and persons in his employ and customers and persons desiring to do business with him and persons lawfully entering upon the premises occupied by him and from in any way or manner interfering with the lawful possession or control of the premises by the plaintiff, and in the meantime and until the further order of the court the defendants were restrained from the commission of the acts above referred to. The order to show cause was issued upon a verified complaint and upon affidavits. On the return day of the order the defendants appeared and the motion was heard at a Special Term held in the county of Kings by Mr. Justice Maddox, who on the 16th day of October, 1905, made an order granting the motion and enjoining the defendants substantially in the terms of the temporary restraint contained in the order to show cause. On the 12th of October, 1905, an order was made at the Special Term in Kings county changing the place of trial of the action from that county to the county of New York. No appeal was taken by the defendants or either of them from the order of the Special Term entered in Kings county granting the motion for an injunction pendente lite, and that order remained in full force and effect until March 1, 1906, when the order now appealed from was granted at a Special Term of the Supreme Court held in and for the county of New York.

The place of trial of the action had been duly changed, and thereafter all motions which the court might properly entertain could be made in the last-named county. In February, 1906, on the affidavit of a clerk in the office of the corporation counsel of the city of New York, a motion was made returnable at the Special Term of the Supreme Court in the county of New York, for an order "vacating on the merits" the injunction order granted at the Special Term in the county of Kings by Mr. Justice Maddox. In that affidavit it is stated that the affiant is familiar with the papers and proceedings in this action, and reference is made to the issuance of the order of injunction and to the change of place of trial, and it is stated that "thereafter and on or about the 6th day of January, 1906, the Court of Appeals, in the case of Delaney v. Flood handed down a decision and opinion" (a copy of which was annexed), and "that it is believed that said decision and opinion justified and necessitated the entering of the order above mentioned, and it is in this belied that the corporation counsel's office makes this motion to vacate the injunction pendente lite above mentioned." Also annexed to the affidavit are copies of the summons, complaint, the affidavits upon which the plaintiff moved for the injunction, the order granting it, and the order changing the venue. In the injunction order it is recited, among other things, that the defendants appeared by the corporation counsel of the city of New York and read affidavits in opposition to the motion; but copies of such opposing affidavits do not appear in the record now before us, and we have no information of the contents of the same. The motion to vacate was opposed by the plaintiff, but, as before stated, was granted; the learned justice deciding it writing an opinion in which he

expressed the view that, under the ruling of the Court of Appeals in the case of Delaney v. Flood, 183 N. Y. 323, 76 N. E. 209, the temporary injunction case was improperly granted, and that, "if facts similar to those in the present case were to-day presented to the learned court that made this injunction, it is most unlikely, in view of the decision already quoted, that such an injunction would be made." He also considered that the motion to vacate might be heard in the county of New York, while recognizing the fact that it is improper in ordinary cases for the court at Special Term to vacate an order previously made by another judge at Special Term, and that such practice would tend to confusion and is not authorized by any express provision of the Code.

It is very earnestly argued on the present appeal that the justice at Special Term in the county of New York had no authority to vacate this injunction allowed, as it was, after argument and full deliberation, and that the only remedy was by appeal; that hearing the motion to vacate was, in substance and effect, the entertainment by one judge at Special Term of an appeal from another judge at Special Term, and that granting the motion was equivalent to a reversal on appeal of the order vacated. That such practice in ordinary cases is condemned by the courts is well known, and upon that subject it is unnecessary to add anything to the remarks of Mr. Justice Hatch in Corbin v. Casina Land Co., 26 App. Div. 408, 49 N. Y. Supp. 929, and those of Mr. Justice Daniels in People v. National Trust Co., 31 Hun, 26. In the latter case, referring to the subject, it is said:

"In its theory the policy of the Code has been to prevent one judge from reconsidering and reviewing the orders which upon motion may have been heard and decided in a court held by another. And that policy has been ordinarily observed and carried into effect by the determinations of the courts themselves before the enactment even of the present Code. And the rule has been very generally adopted and observed where the order complained of has not been obtained by collusion, or there is not an absence of jurisdiction in the tribunal directing it."

But in the case at bar it may be contended, and doubtless was the view of the learned justice who made the order appealed from, that the question involved was one of jurisdiction, and that, it having been determined in the case of Delaney v. Flood that a court of equity would not interfere with the enforcement or attempted enforcement of provisions of the criminal law, there was a lack of jurisdiction to grant the injunction order, and hence it might be regarded as a nullity. Such, at least, is the contention now made by the respondents who claim that the injunction was void ab initio.

We do not so regard the case. The Court of Appeals, in Delaney v. Flood, did not decide that a court of equity is powerless in any and all circumstances to interpose to prevent continuous trespasses by public authorities, which, if tolerated, would result in the destruction of a citizen's business or property to his irreparable injury; such trespasses being totally unauthorized, and no adequate remedy existing at law. What was decided in that case was that a court of equity will not interfere with the enforcement of the criminal law, and it announced no new doctrine on that subject. It is not to be inferred, from what is said in that case, that persons who happen to be possessed of police authority

are beyond the restraining power of a court of equity when they commit purely wanton continuous trespasses, without a semblance of right, and which would be enjoined if committed by private individuals, and where it is made apparent that no question really arises of the commission of a crime. In other words, that case does not decide that a court of equity is powerless to protect the citizen in the enjoyment of his rights because of an unfounded and unsupported assertion by a police officer that he thinks or believes or suspects that a citizen has committed, or is about to or may commit, a criminal offense. It does hold that a question of fact, arising upon an allegation supported by some proof that a criminal offense has been or is about to be or may be committed, will not be passed upon by a court of equity. No such indorsement of the arbitrary exercise of power by a person in authority, impelled to action by his own caprice or imagination, has been given by the court of last resort, as would be the logical result of the contention which seems to be made by the respondent here. In vacating the order of injunction, the court below has proceeded upon the theory that the doctrine of Delaney v. Flood absolutely controls on the merits of the case at bar, and that theory was adopted upon a consideration only of the papers presented to the court by the plaintiff in moving for the injunction. What the affidavits, used on behalf of the defendants on the argument at the Special Term in Kings county, may have disclosed, we do not know. It may well be that from those affidavits it was made to appear that there was no ground or pretext whatever for claiming that a criminal offense had been committed or was in contemplation. On the plaintiff's papers it appeared that he had never been engaged in anything but the legitimate industry of selling manufactured wall papers and paints on the premises in which his business was conducted; that there was nothing connected with his business which would cast upon him the slightest suspicion that it was of an unlawful character, or that the place in which it was carried on was so arranged that unlawful practices might be pursued there. The case made by the plaintiff was one in which he was shown to be absolutely free from anything that would even invite suspicion.

As the matter therefore comes before us, there is no controverted question of fact—there is nothing but the plain situation of a person engaged in an honest and reputable business, whose premises have been invaded by the public authorities on a simple assertion by police officers that they suspect that something unlawful has been done or will be done upon the premises—and their action in molesting the plaintiff, breaking up his business, dispersing his customers, and involving him in financial ruin, is not justified by a single fact, or circumstance; nothing being presented to the court, on the part of the defendants (so far as the record shows), impugning the character of the premises upon which the plaintiff conducted his business, or controverting his statements in regard thereto. Such is the condition of the record before us and which was before the court below, and therefore we do not consider the case as being in analogy with Delaney v. Flood, or as necessarily being controlled by it. Hence we are of the opinion that the order now appealed from was improperly made.

The order should be reversed, with $10 costs and disbursements, and the motion to vacate the injunction denied, with $10 costs.

O'BRIEN, P. J., and LAUGHLIN, J., concur. INGRAHAM and CLARKE, JJ., dissent.

INGRAHAM, J. For the reasons stated in my opinion in the case of Burns v. McAdoo et al. (decided herewith) infra, I dissent. I think the order appealed from should be affirmed.