### LEVY v. BINGHAM et al.

(Supreme Court, Appellate Division, Second Department. June 8, 1906.)

INJUNCTION—ENTRY BY POLICE OFFICERS.

> Complainant occupied certain premises as a restaurant. She had no liquor-tax certificate, nor was there any evidence that any liquor had been sold on the premises after January 5, 1906, nearly a month prior to the action. There was no bar in the place, and, though for about 14 months police officers in plain clothes and in uniform stationed themselves in the restaurant almost daily and remained there for hours, they had discovered no form of gambling nor any poolroom in connection with the premises. The restaurant was generally patronized by business women, and the only justification of the continued espionage by the police was that the premises were carried on the books of the police department as a "suspicious place," where pool selling was "supposed to be conducted," and that the acts of the police were inspired by bona fide belief created by information received through "police channels" that gambling was going on. *Held*, that complainant was entitled to an injunction restraining further espionage of the place of business or the entry thereof by police officers without a warrant or other process.
>
> [Ed. Note.—For cases in point, see vol. 27, Cent. Dig. Injunction, § 147.]

Appeal from Special Term, Kings County.

Suit by Bertha Levy against Theodore A. Bingham and others. From an order vacating a temporary injunction restraining defendants from entering her premises without a warrant or other legal process, she appeals. Reversed and injunction restored.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, and MILLER, JJ.

S. S. Myers (J. Charles Weschler, on the brief), for appellant.
James D. Bell (James W. Covert, on the brief), for respondents.

HIRSCHBERG, P. J. The plaintiff conducts a restaurant business at No. 51 East Tenth street in the borough of Manhattan, occupying the first floor and basement. She has no liquor tax certificate, and there is no evidence that liquor is sold on the premises or has been since January 5, 1906, about one month prior to the commencement of the action. There is no bar on the place, no form of gambling is carried on, and no poolroom is connected with the premises. The restaurant is chiefly patronized by women employed in the various business establishments in the vicinity, including the well-known department store of Wanamaker. For a period of about 14 months

officers of the police department of the city of New York in plain clothes and in uniform have been stationed in the restaurant almost daily, remaining occasionally for hours, obviously with a view of discovering some infraction of the law, and confessedly without success. There has been no arrest made upon the premises, and the record discloses no instance of misconduct or impropriety on the part of either the plaintiff or her customers. The action is in equity against the police commissioner of the city and his offending subordinates, for the purpose of procuring a judgment enjoining them from entering the plaintiff's premises without a warrant or other process of law, and the appeal is from an order vacating a temporary injunction on the return of an order to show cause in which it was contained.

No fact justifying the trespass on the plaintiff's premises by the defendants is set forth in the answering affidavits. It is alleged that the premises are carried on the books of the police department as a "suspicious place," where pool selling was "supposed" to be conducted, and the defendant police captain asserts that his acts and those of the men under his command in the invasion were inspired by the bona fide belief, created by information received from "police channels," that gambling was going on. It seems to me that the utter failure of the defendants to find a single incriminating fact in the long period of investigation is of controlling significance. The utmost that can be said of the defendants' case as presented on the motion is that they habor unfounded suspicions, and surely, under any reasonable system of espionage, the time has long elapsed when suspicion and denunciation should be required to merge into proof. The order is in conflict with the decision of this court in the case of Hale v. Burns, 101 App. Div. 101, 91 N. Y. Supp. 929. In that case the plaintiff had a liquor tax certificate and was conducting a saloon, but it was nevertheless held that in the absence of proof of violations of law, or of circumstances tending towards such proof, the police authorities could be restrained from a continuing trespass on the property.

The recent decision of the Court of Appeals in Delaney v. Flood, 183 N. Y. 323, 76 N. E. 209, is relied on by the respondents as establishing a contrary doctrine. I do not so understand it. In that case the officers were stationed outside of a place having a liquor tax certificate, and the decision was based upon the principle that equity will not interfere to prevent the enforcement of the criminal law. That principle has no application to this case. On the contrary, the court said in that case (page 326 of 183 N. Y., page 209 of 76 N. E.) :

"The pivotal point around which this question revolves is that the plaintiff is engaged in the sale of intoxicating liquors. That is a business which, when uncontrolled and unregulated by law, is fraught with grave dangers to the public peace, health, morals, and safety, and even when regulated by statute, as far as it may be, it is productive of much idleness, pauperism, disorder, and crime. In order to prevent and to minimize these evils, as far as possible, it has been deemed necessary for the welfare of society that the business of liquor selling should be hedged about by conditions and restraints from which other callings may be safely exempted."

Prior to January 5, 1906, the plaintiff's premises had a liquor tax certificate, but the defendants make no claim to even a suspicion that liquor has been sold there since. In short, the defendants rest solely upon

"suspicion" that pool selling or some other form of gambling is carried on at the plaintiff's premises, without the slightest ground upon which to found such suspicion, and which suspicion their persistent efforts to verify without success might well have dissipated long ago.

The views herein expressed are in general accord with the recent decisions of the Appellate Division in the First Department, in McGorie v. McAdoo et al. (Sup.) 99 N. Y. Supp. 47, and Burns v. McAdoo et al. (Sup.) 99 N. Y. Supp. 51. In the case of Stevens v. McAdoo et al. (Sup.) 98 N. Y. Supp. 553, wherein an injunction was denied, I assume, from the statement in the opinion of Mr. Justice Ingraham, that sufficient facts were presented to justify the belief of the police authorities that the premises there in question were being used for unlawful purposes. This case is barren of such facts, it is undisputed that the plaintiff's business is seriously threatened, no adequate remedy at law appears, the papers present no conflict of fact to be determined upon affidavit, and a proper case for equitable relief is made out.

The order should be reversed, and the injunction restored and continued.

Order vacating temporary injunction reversed, with $10 costs and disbursements, and injunction restored and continued. All concur.