SUESSKIND et al. v. BINGHAM, Police Com'r, et al.

(Supreme Court, Appellate Division, First Department. May 8, 1908.)

INJUNCTION—SUBJECTS OF PROTECTION AND RELIEF—CRIMINAL PROSECUTIONS.
Equity is without jurisdiction at the instance of the proprietors or
lessees of a dance hall let for hire on Sunday, in alleged violation of the
Sunday observance law, to grant an injunction restraining interference by
the police, and the remedy, if any, is by an action at law against the in-
dividual officers for damages or indictment of them for interference with
the property or business.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Injunction, §§
178, 179.]

Laughlin, J., dissenting.

Appeal from Special Term.

Action by injunction by Adolph Suesskind and others against Theo-
dore A. Bingham, as police commissioner, and others. From an order
continuing, during the pendency of the action, the temporary injunc-
tion granted, defendants appeal. Reversed.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN,
CLARKE, and SCOTT, JJ.

Theodore Connoly, for appellants.
Charles O. Maas, for respondents.

INGRAHAM, J. It is quite impossible to see upon what ground the
police co ld claim that these plaintiffs were violating any statute upon
the facts here presented. The same question is presented, however,
as in the case of Eden Musee American Co. v. Bingham (decided
herewith) 110 N. Y. Supp. 210, and plaintiff's remedy is not by in-
junction, but by an action at law against the individual officers, or an
indictment if their property or business is interfered with.

The order appealed from is reversed, with $10 costs and disburse-
ments, and the motion for an injunction denied, with $10 costs. All
concur, except LAUGHLIN, J., who dissents.

LAUGHLIN, J. (dissenting). The plaintiffs are proprietors or les-
sees of a dance hall or ballroom which they let for hire on Sundays to
private clubs, associations, and societies for weddings, sociables, re-
ceptions, parties, and balls. It is not open to the public, nor is an
admission fee charged. The expense is defrayed by an assessment
upon the members of the club, association, or society and their invited
guests. The police threaten to invade the premises and close the
ballroom, and prevent the use of the same for these purposes; and
the object of the injunction is not to prevent the enforcement of the
criminal law or to enjoin arrests, but to stay threatened interference
with property rights of the plaintiffs by closing their ballroom. It is
not pretended that the lessees have been guilty of disorderly conduct, or
that the uses to which the hall has been put disturb the residents of
the neighborhood. The facts are uncontroverted. The police authori-
ties arbitrarily assert the right to close this hall, and to deprive the
owners of the use and rental thereof. No law or ordinance is cited
which in any manner tends to warrant the interference of the police.

Their action appears to be a step in a crusade for the quiet observance of the Sabbath, in accordance with what the defendant deems to be the requirements of law. It is due to the commissioner of police to observe that the statutes regulating the observance of the Sabbath are not perfectly clear, and, in view of recent decisions of the courts, reasonable doubt exists in many cases as to what may or may not be lawfully done.

The damages which the plaintiffs, as owners of the hall, will sustain, are in their nature irreparable; but, if they were not, the action threatened is a trespass upon the plaintiff's property, in which case it is unnecessary to show irreparable damages as a condition of obtaining relief in a court of equity. In this case, however, my associates concede, in effect, that there has been no violation or threatened violation of the law on the part of the plaintiffs or their tenants, and that the action of the police authorities is without warrant, and therefore arbitrary. Without giving further attention to the facts, I therefore come to the principle, of far-reaching importance, involved in the decision of this appeal and upon which the majority of the court are about to reverse the order, and that is as to whether a court of equity has jurisdiction to issue an injunction order against police officials as such or individually on any state of facts that may be presented. This court has twice decided within two years that a court of equity possesses such jurisdiction. Burns v. McAdoo, 113 App. Div. 165, 99 N. Y. Supp. 51; McGorie v. McAdoo, 113 App. Div. 271, 99 N. Y. Supp. 47. In each of these cases we sustained injunction orders against the police officials, after exhaustive arguments and full consideration and discussion of the question. The Appellate Division in the Second Department about the same time likewise twice decided that a court of equity has such jurisdiction (Levy v. Bingham, 113 App. Div. 424, 99 N. Y. Supp. 258; Hagan v. McAdoo, 113 App. Div. 506, 99 N. Y. Supp. 255), and that court has previously so decided (Hale v. Burns, 101 App. Div. 101, 91 N. Y. Supp. 929), and later reiterated the same doctrine, following its own and our decisions (Olms v. Bingham, 116 App. Div. 804, 101 N. Y. Supp. 1106). If I were convinced that those decisions were erroneous, still I would adhere to them until the question should be decided differently by the Court of Appeals. I am, however, on reflection, more convinced than ever that the principle enunciated in those decisions, namely, that a court of equity has jurisdiction to enjoin the police upon proper facts, is sound. In Burns v. McAdoo, supra, it was not deemed necessary to advert to all of the injustice and deplorable consequences that may flow from an announcement that the judiciary branch of the government has no jurisdiction to afford citizens adequate protection in the enjoyment of their personal and property rights. I still adhere to the views expressed in Burns v. McAdoo, supra, and am of opinion that it is never a question of jurisdiction of the court, but of the sufficiency of the facts and the propriety of issuing an injunction on the facts presented. If there is no jurisdiction in the courts to grant an injunction, then the police department may arbitrarily close the courthouses and courts or places of public worship, or the schools, colleges, and seminaries of learning or the stores and places of business, or the banks and trust companies,

or stop common carriers from performing their functions, or prevent citizens from entering or leaving their residences or places of business, or from using their houses as residences or their stores for the purpose of lawful business, or from attending church or even from burying their dead, or from transacting any legitimate business in an orderly manner or exercising any other personal or property rights, for the redress of which actions at law manifestly would be wholly inadequate. Take, for example, a dry goods store. If the courts are powerless to intervene by injunction, the police may close the store and bring financial ruin upon the proprietor. That is virtually conceding to the police department the authority of military officials in time of war or when martial law has been duly declared. It is recognizing greater authority in them than is vested in the Legislature and Governor of the state; for, while the courts may not enjoin the Legislature from enacting or the Governor from approving legislation, they may enjoin the operation of a statute which is unconstitutional. The instances in which this has been done are numerous. Only recently injunctions against the enforcement of unconstitutional statutes and against prosecution thereunder for penalties have been sustained by the federal Supreme Court. Courts do not enjoin mere arrests for violations of an unconstitutional statute or on groundless charges for violations of valid statutes without other interference with a lawful business; but in these cases the innocent party has an adequate remedy at law, and may properly obtain his discharge. The distinction between such cases and the case at bar and other incidents cited is apparent without argument to develop it. There being no evidence in the case at bar that the plaintiffs are violating or permitting others upon their premises to violate any statute or ordinance, and it appearing that the defendants propose arbitrarily to close the plaintiffs' building on Sundays, and are plainly proceeding on an erroneous view of the law, the facts being undisputed, I am of opinion that the injunction order was properly issued to enjoin the unlawful interference by the defendants with the lawful rights of the plaintiffs in the use of their property. Of course, injunctions may not, should not, and doubtless never will be issued to prevent the police from enforcing the criminal law; but, when the facts with respect to a particular business are conceded, as for instance that the plaintiff is conducting a grocery store, and the police contemplate arbitrarily closing his store, then a court of equity may properly hold that the business which the defendants threaten to stop is perfectly lawful, and that since the damages would be irreparable, and there would be no adequate remedy at law or the unlawful acts threatened by the police would constitute a trespass upon private property, the injunction should be issued to protect the plaintiff in the enjoyment of his lawful rights and against unwarranted interference with his business, and to that extent only. I therefore vote to affirm the injunction order.