(60 Misc. Rep. 484.)

### FOX et al. v. BUTLER, Tenement House Com'r.

(Supreme Court, Special Term, New York County. September, 1908.)

1. HEALTH (§ 32*)—TENEMENT HOUSE LAW—COMBUSTIBLE MATERIALS.
     Tenement House Act (Laws 1901, p. 900, c. 334) § 40, prohibiting the storage of combustible materials, is not violated by having on hand for a moving picture exhibition photographic films under proper precautions as to fire.
     [Ed. Note.—For other cases, see Health, Dec. Dig. § 32.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. HEALTH (§ 32*)—REGULATIONS—UNSAFE BUILDINGS—TENEMENT HOUSE LAW
　　—COMBUSTIBLE MATERIALS.

　　　The violation of Tenement House Act (Laws 1901, p. 900, c. 334) § 40, prohibiting the storage or handling of combustible materials in such a building, is not ground to revoke the approval of the tenement house department of plans for the alteration of a building wherein such violation took place.

　　　[Ed. Note.—For other cases. see Health, Dec. Dig. § 32.*]

　　Action by William Fox and Sol Brill against Edmund J. Butler, Tenement House Commissioner. Motion for injunction denied.

　　Gustavus A. Rogers, for plaintiffs.

　　Francis K. Pendleton, Corp. Counsel (John P. O'Brien and Cornelius F. Collins, of counsel), for defendant.

　　ERLANGER, J. The plaintiffs are the lessees of premises No. 1498 Third avenue, borough of Manhattan, and of Nos. 893 and 889 Broadway, in the borough of Brooklyn. On the premises on Third avenue they conduct the business of giving moving picture exhibitions, which consists of throwing stereopticon views upon a sheet by means of an electrical device. On the premises No. 889 Broadway, in Brooklyn, they conduct the same business; and the other premises in Brooklyn are used for what is known as a "Penny Arcade," where no stereopticon views are given, but only automatic machines used, which are set in operation by depositing a penny in the slot of the machine. Before starting business on the premises referred to alterations were necessary, and in compliance with the law plans were filed with the tenement house department. For the Third avenue property the plans were filed about May 1, 1907, and approved about June 10th of the same year; and the alterations are alleged to have involved a large expenditure of money. For the Broadway property, in Brooklyn, the plans were filed about October, 1906, and approved during that month; and it is claimed with regard to these premises that likewise a large expenditure of money was involved. The plaintiffs, after securing the necessary licenses, commenced business and continued operations until June, 1908, when the defendant served notice of the revocation of the previous approval given by the tenement house department and of the plans filed with that department.

　　The defendant claims that, in giving exhibitions of moving pictures, a film is used which is combustible; and he further contends that in revoking his approval of the plans he was within his rights under section 40 of the tenement house act (Laws 1901, p. 900, c. 334). That section provides:

　　　"Combustible Materials.—No tenement house, nor any part thereof, nor of the lot upon which it is situated, shall be used as a place of storage, keeping or handling of any combustible article except under such conditions as may be prescribed by the fire department, under authority of a written permit issued by said department. No tenement house, nor any part thereof, nor of the lot upon which it is situated, shall be used as a place of storage, keeping or handling of any article dangerous or detrimental to life or health, nor for

---

the storage, keeping or handling of feed, hay, straw, excelsior, cotton, paper stock, feathers or rags."

The plaintiffs in their affidavits show that the films which are used are not stored upon the premises, but are kept at their main office, No. 24 Union Square, borough of Manhattan, and only such films as are in actual use for the purpose of the exhibitions are temporarily at the place of such exhibition, and that the film is kept in a sheet-iron, fireproof box, from which it passes through a trap and is operated by means of a crank; that it is exposed to light and heat only when in motion; and that there are never at any time exposed more than 12 inches of the film, of which only 1 inch is exposed to the heating effect of the light. I doubt very much whether such use can be considered a storing of combustible articles within the meaning of section 40 of the tenement house act. That section evidently applies to a place which is devoted or used, in whole or in part, for storing, keeping, or handling combustible articles, and does not contemplate a situation similar to the one in the case at bar.

But, even if the act of the plaintiffs brought them within the provisions of said section, the remedy is not the revocation of an approval of plans which refer to the construction or alteration of a building, but rather to prosecute the offender under section 126 of the act, which renders him liable to fine or imprisonment. In using the films the plaintiffs did nothing that was contrary to the plans, which related solely to the alterations intended to be made to the building. The wrong, if it be one, is in the use made of the premises after they were altered; and the statute has specified the penalty for such offense. Again, after the approval of the plans and the expenditure of money on the faith thereof, it is not within the province of the defendant to withdraw or revoke his approval, and thereby destroy the value of the improvements made pursuant to the approved plans. City of Buffalo v. Chadeayne, 134 N. Y. 163, 31 N. E. 443; Hinman v. Clarke, 121 App. Div. 105, 105 N. Y. Supp. 725.

The difficulty I find is in granting the relief sought on this application. The plaintiffs ask: (a) That this defendant be restrained from revoking his approval; but defendant has already assumed to act and give notice of revocation. If that act has any force or effect it has already served its purpose, and an injunction would be futile. (b) That the defendant be restrained from interfering with plaintiffs in the conduct of their business and from directing them to vacate the premises. No injunction can issue broadly to restrain the defendant from interfering with the conduct of their business. If they are doing no wrong, as it seems to me that they are not, then, in any proceeding instituted by the defendant, plaintiffs will have an absolute defense. If they are doing wrong, then they should be proceeded against. I cannot enjoin a municipal officer or department from proceeding to enforce a statute on a claim that plaintiffs are innocent, or that they have done nothing that will justify proceedings against them. Suesskind v. Bingham, 125 App. Div. 787, 110 N. Y. Supp. 213.

Motion denied. No costs.