STAR COMPANY, Plaintiff, *v.* EDWARD F. BRUSH, as Mayor of the City of Mount Vernon, SHERMAN D. HAIGHT, RICHARD J. SECOR, FREDERICK E. WOOD, WILLIAM G. DAWSON, RANSOM CAYGILL, ADRIAN A. BUCK, JAMES PACKMAN, JOSEPH A. CARY, D. HERBERT McLAURY and EVERETT A. SHERIDAN, as Aldermen of the City of Mount Vernon, and RICHARD M. WINFIELD, as Police Commissioner of the City of Mount Vernon, Defendants.

(Supreme Court, New York Special Term, September, 1918.)

Constitutional law — ordinance making it unlawful to sell or distribute newspapers or other publications in city of Mount Vernon without a license is a nullity — freedom of the press — State Const. art. I, § 8.

Injunctions — when granted pendente lite to enjoin the public authorities from enforcing ordinance regulating use of streets — pleading — constitutional law.

The test of the validity and the constitutionality of an ordinance is *not what has been done* under it but what it authorizes to be done.

An ordinance which makes it unlawful for any one to sell or distribute newspapers or other publications within the city of Mount Vernon without having taken ·out a license so to do, and under which the public authorities would have the power to suppress the circulation of any newspaper which criticised adversely any of their official acts by revoking without notice its license and at the same time permit those newspapers which praise their official line of conduct to circulate freely without molestation, contravenes section 8 of article 1 of the Constitution of the state relative to the freedom of the press and is a nullity.

Where in an action by the publisher of the New York *American* and the New York *Evening Journal* to enjoin the public authorities of the city of Mount Vernon from enforcing an ordinance passed by the aldermen of said city and approved by the mayor August 21, 1918, regulating the use of the public streets and highways by those engaged in the business of distributing and selling newspapers, magazines, etc., the complaint alleges large sales made theretofore of plaintiff's newspapers in said city and, further, if said ordinance is enforced that plaintiff will suffer irreparable loss for which it has no adequate remedy at law, the plaintiff will be granted an injunction *pendente lite* in order to prevent irreparable injury to its property and rights.

MOTION for injunction *pendente lite.*

William A. DeFord, for plaintiff.

J. Henry Esser, corporation counsel of the city of Mount Vernon, for defendants.

DONNELLY, J.   This action is by the Star Company, publisher of the New York *American* and the New York *Evening Journal,* against the mayor, aldermen and police commissioner of the city of Mount Vernon to permanently enjoin the defendants from enforcing an ordinance passed by the aldermen defendants and approved by the mayor defendant on or about the 21st day of August, 1918, entitled "An Ordinance of the City of Mount Vernon for the protection of the inhab-

Supreme Court, September, 1918.        [Vol. 104.

itants in their persons and property and to regulate
the use of the public streets and highways by those
engaged in the business of distributing and selling
newspapers, magazines, etc.'' A motion is now made
for an injunction *pendente lite* based upon the com-
plaint of the plaintiff and accompanying affidavits.
The complaint alleges in part that the plaintiff is a
domestic corporation and the publisher of the two
newspapers mentioned above, and that said news-
papers have a large circulation in the city of Mount
Vernon; that on the 21st day of August, 1918, the
defendants other than Brush and Winfield, constitut-
ing the common council of the city of Mount Vernon,
passed the above named resolution and on the same
day Adrian A. Buck, as acting mayor of the city of
Mount Vernon, affixed his signature thereto, and that
by said act the defendants, members of the board of
aldermen of the city of Mount Vernon, and said Buck,
as acting mayor thereof, purported to pass the said
ordinance of the said city of Mount Vernon pursuant
to chapter 182 of the Laws of 1892, being an act known
as ''An Act to incorporate the city of Mount Vernon,''
and that thereafter the aforesaid ordinance was pub-
lished in accordance and in compliance with the pro-
visions of law in such case made and provided. The
complaint further alleges that the purpose and object
of said defendants in passing said ordinance was to
confer upon themselves discretionary power and
authority to permit, or refuse to permit, any person,
firm or corporation to sell, circulate or distribute, or
cause to be sold, circulated or distributed, any news-
paper or publication whatsoever within the city of
Mount Vernon, or any such newspapers and publica-
tions as they might see fit to permit the sale, circula-
tion or distribution thereof within said city, and to
confer upon the defendant aldermen the discretionary

power and authority to revoke at will, with or without cause, any licenses that they might grant pursuant to provisions of such ordinance, and by such means to enable said defendant aldermen to arbitrarily determine what newspapers might be sold, circulated or distributed within said city and what might not; further, that the aim and object of the defendant aldermen in passing the aforesaid ordinance was to prevent the plaintiff from selling, circulating and distributing its said newspapers therein, and from employing its own agents to sell, circulate and distribute the same within said city. It is further alleged that the said aldermen defendants will, unless restrained by the judgment and decree of this court, prevent and prohibit plaintiff from selling its said newspapers to newsdealers in said city for resale by them, and from selling the same itself or through its agents, by refusing to grant to plaintiff, its agents or any other person, a license to sell, circulate and distribute its said newspapers, pursuant to the provisions of said ordinance, and that they will thereby cause the plaintiff to lose the profits that it might make by the sale thereof; deprive the persons who regularly purchase the same from plaintiff, its agents and other newsdealers from purchasing and receiving the same; break the continuity of the circulation and sale of plaintiff's said newspapers to its readers in said city; injure the prestige and good name of said newspapers, and cause plaintiff other irreparable injury. The complaint still further alleges that the said aldermen defendants have heretofore stated that their aim and object in passing said ordinance was to enable them to prevent the sale, circulation and distribution of plaintiff's said newspapers within the city of Mount Vernon, and they have hitherto stated and threatened, and now threaten, that they will not issue a license to the plaintiff or its agents, or any

person whatsoever (pursuant to the provisions of said ordinance when enacted) to sell, circulate and distribute plaintiff's said newspapers within the city of Mount Vernon. It is further alleged that the defendants herein threaten to and will undertake and attempt to enforce the said ordinance, and will undertake and attempt to and will interfere with and prevent the sale and distribution of plaintiff's aforesaid newspapers unless restrained by this court; that the said ordinance was not passed in good faith, but was passed by said aldermen defendants in bad faith, and as a covert and indirect means, under the guise and pretext of exercising legitimate charter powers of said municipality, commonly called its police powers, for the unlawful object and purpose of preventing and suppressing the sale, circulation and distribution of plaintiff's said newspapers in said city, and for the purpose of inflicting upon plaintiff great and irreparable damage; that said resolution is therefore invalid, unconstitutional and a nullity, and that the said defendants constituting the board of aldermen of the city of Mount Vernon had no right or power to vote or pass such resolution or ordinance, and that the defendant Buck had no right to approve the said resolution or ordinance, and that the passage of said ordinance was an unlawful and oppressive exercise of the powers of their public offices, as a trick or device, to accomplish indirectly by it and by its use the suppression of the sale, circulation and distribution of the plaintiff's said newspapers in said city, which they had previously attempted to suppress by the enactment of an invalid and unconstitutional ordinance previously passed by said aldermen defendants and approved by said mayor defendant, entitled "An ordinance of the City of Mount Vernon in relation to the sale and distribution of said newspapers." It appears from the papers

and briefs filed that on the 14th day of May, 1918, the defendant aldermen passed an ordinance which was later approved by the defendant mayor, which, at section 2 thereof, provided: "It shall be unlawful after the date when this ordinance takes effect, and until the end of the present war, within the City of Mount Vernon for any person, firm, corporation or association to print, publish, circulate, sell or distribute, or cause to be printed, published, circulated, sold or distributed certain newspapers, or any copy or issue thereof, which have heretofore been known and designated as the New York *American* and New York *Evening Journal;"* that thereafter plaintiff commenced an action in this court to permanently enjoin the above named defendants from enforcing or attempting to enforce said ordinance upon the ground that the same was passed and approved by the said defendants without authority of law, was in violation of the general laws of the state, and unconstitutional and void. The plaintiff moved at the time of the commencement of the action for an injunction *pendente lite,* which motion was granted by this court at Special Term, Part I, pursuant to an opinion delivered by Mr. Justice Giegerich,* there presiding, the justice ruling that the said defendants had no authority to pass said ordinance, and that the same was invalid and unconstitutional and void, and that the court would enjoin enforcement of the same in order to prevent irreparable injury to plaintiff's property and rights. The defendants thereafter moved for a change of venue from the Supreme Court, New York county, to Supreme Court, Westchester county, to which plaintiff consented. The court at Westchester county, Mr. Justice Young writing the opinion, subsequently sus-

* See 103 Misc. Rep. 631.— [REPR.

tained the demurrer interposed by the defendants to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action, the court ruling that an equitable action did not lie to enjoin the enforcement of such a municipal ordinance. The judgment of this court sustaining defendants' demurrer to the complaint was thereafter entered, the effect of which entry was to dissolve the temporary injunction granted by Mr. Justice Giegerich. It further appears that the defendants have made no effort since the entry of the judgment sustaining the demurrer to the complaint described to enforce the said ordinance, notwithstanding the fact that the plaintiff has frequently requested the corporation counsel of the city of Mount Vernon to cause an arrest to be made under said ordinance in order that its validity might be tested by a habeas corpus proceeding which plaintiff proposes to institute. The defendants, however, did, through the police commissioner, collect evidence concerning the violation of said ordinance for the purpose of future prosecution for violation thereof and caused a notice to be sent by said police commissioner to local newsdealers in the city of Mount Vernon advising them to that effect, and that they would be in danger of prosecution if they continued to sell, as they had been theretofore selling, the plaintiff's said newspapers within the city of Mount Vernon; that most newsdealers thereafter refused to sell plaintiff's newspapers under the fear induced by such threat of prosecution and of the fines and penalties imposed by the ordinance referred to, and that the circulation of plaintiff's newspapers in the city of Mount Vernon was greatly reduced. This action was followed by the passage of the ordinance challenged herein. The corporation counsel did not contest the validity of the first ordinance which was passed upon by Mr. Justice

Giegerich, nor does he contest the validity of the ordinance in this action at this time, because he contends that the validity of the ordinance cannot be brought before a court of equity, except as incidental to equitable relief, and that where nothing is sought by injunction except the construction of a criminal statute equity will not interfere, citing the opinion of Mr. Justice Young and the cases therein referred to in support of his contention; and he further claims that the remedy of this plaintiff, if any, is by habeas corpus and certiorari proceedings and not by injunction. It is also contended by the corporation counsel that the court cannot inquire into the motives or objects of the aldermen in passing the ordinance; that act of legislation must be reviewed upon this motion upon its own language and nothing else (*Kittinger* v. *Buffalo Traction Co.,* 160 N. Y. 377), and that therefore many statements contained both in the complaint and in the alleged supporting affidavits relative to the motives and intentions of the aldermen and city officials must be disregarded. I do not question the force of the ruling of *Kittinger* v. *Buffalo Traction Co., supra,* but there is nothing in that case to prevent the court from considering the overt acts of the defendants, and, if the complaint states a cause of action, the court can certainly consider the affidavits in so far as they seek to prove the overt acts alleged in the complaint. It is also fundamental that the test of the validity and constitutionality of a particular ordinance is not what has been done under it, but what the law or ordinance authorizes to be done under its provisions. 12 C. J. 786; *Granger* v. *Douglas,* 148 Fed. Repr. 513; *Fifth Ave. Coach Co.* v. *City of New York,* 194 N. Y. 19; *Stuart* v. *Palmer,* 74 id. 183; *Fisher Co.* v. *Woods,* 187 id. 95; *City of Rochester* v. *West,* 164 id. 510; *Colon* v. *Lisk,* 153 id. 194. The defendants first

passed the ordinance of May 14, 1918, which directly prohibited the sale of plaintiff's newspapers in the city of Mount Vernon. This ordinance was declared by this court to be unconstitutional and invalid in that it contravened the provisions of section 8 of article 1 of the Constitution of the state of New York, which provides: " Every citizen may freely speak, write and publish his sentiments on all subjects, being responsible for the abuse of that right; and no law shall be passed to restrain or abridge the liberty of speech or of the press." The soundness of that decision, in so far as it relates to the invalidity and unconstitutionality of said ordinance, has not been questioned, and was not involved in the decision of Mr. Justice Young above mentioned, and it is unnecessary for me to attempt to add anything relative thereto except to cite the opinion of Mr. Justice Giegerich. Subsequently to that decision the defendants passed the ordinance which is the subject of discussion in this action. Said resolution reads as follows:

" Chapter XLI-M. An ordinance of the City of Mount Vernon for the protection of the inhabitants in their persons and property and to regulate the use of public streets and highways by those engaged in the business of selling and distributing newspapers, magazines, etc.

" SECTION 1. It shall be unlawful within the City of Mount Vernon for any person, firm, corporation or association to sell, circulate or distribute, or cause to be sold, circulated or distributed, any newspaper or publication without first having obtained a license therefor, granted and issued as hereinafter provided, upon a statement in writing filed with the city clerk by the applicant for the license. The violation of any provision of this section shall be a misdemeanor, punishable by a fine not exceeding one hundred (100) dollars,

or by imprisonment in the county penitentiary for a period not exceeding three months, or by both such fine and imprisonment.

" § 2. Upon the filing of the statement mentioned in the foregoing section the common council will grant to the applicant a license in accordance therewith under the following restrictions and limitations, to wit: Licenses, when granted by the common council, shall be issued by the city clerk. All licenses granted hereunder shall be valid until December 31 next ensuing the date of issuance, when they shall expire unless renewed upon a new application filed within two months prior to their date of expiration, or unless previously revoked by the common council. All licenses issued under this ordinance may be revoked by the common council at any time without notice to the holder thereof.

" § 3. A license granted hereunder shall include the *bona fide* employees of any such person, firm, corporation or association to whom such a license has been issued, provided the holder of such license shall have registered such employee with the chief of police. Any such employee not registered shall be deemed a person without a license for the purposes of this ordinance, and it shall be the duty of the holder of a license to register such employee as herein provided with the chief of police within twenty-four hours after the employment of such employee. No person of bad repute shall be employed to sell or distribute newspapers or other publications by the holder of such a license. The holder of such a license shall forthwith discharge such employee from such service when notified by the chief of police that such employee is a person of bad repute. Any conviction for a criminal offense or violation of a city ordinance, or having led a life of apparent idleness for a period

of three months, may be sufficient to constitute such a person of bad repute within the meaning of this ordinance. The holder of such license shall obtain and furnish to the chief of police, promptly upon request therefor, any desired information concerning any employee. The violation of any provision of this section shall be a misdemeanor, punishable by a fine not exceeding one hundred (100) dollars, or by imprisonment in the county penitentiary for a period not exceeding three months, or by both such fine and imprisonment.

" § 4. No person, firm, corporation or association having received a license as herein provided shall within the City of Mount Vernon sell, circulate or distribute, or cause to be sold, circulated or distributed, any newspaper or publication other than those enumerated in said license. The violation of any provision of this section shall be a misdemeanor, punishable by a fine not exceeding one hundred (100) dollars, or by imprisonment in the county penitentiary for a period not exceeding three months, or by both such fine and imprisonment.

" § 5. The common council shall, from time to time, approve the blank form to be used by applicants for licenses to be granted hereunder and may likewise, from time to time, prescribe additional rules and regulations which shall be observed by the holders of such licenses and their employees.

" § 6. The common council may withhold the granting to any applicant of a license for the distribution and sale of newspapers and other publications to be sold upon the streets and highways, whenever it appears to the common council that the number of such licenses to be issued should be limited; and the common council may withhold altogether the granting of such licenses for the distribution and sale of news-

papers and other publications upon the streets and highways.

" § 7. This ordinance shall take effect immediately after the due publication thereof; provided, however, that any person, firm, corporation or association engaged in the business of selling and distributing newspapers and other publications in the City of Mount Vernon on the 21st day of August, 1918, shall have to and until the 1st day of September, 1918, in which to obtain such licenses from the common council. The failure or refusal of the common council to grant any license on or before September 5, 1918, shall constitute no protection to the application therefor against a prosecution for a violation of any of the provisions of this ordinance."

It is the contention of the plaintiff that this last named resolution is invalid and unconstitutional in that it seeks to do by indirection that which the court declared could not be done directly under the ordinance of May fourteenth and that therefore it likewise contravenes section 8, article 1, of the Constitution of the state of New York, and in addition thereto it is unconstitutional in that it is a violation of the provisions of section 1 of the Fourteenth Amendment to the Constitution of the United States. Applying the test of what may be done under this ordinance it will be noted that the ordinance makes it unlawful for anyone to sell or distribute newspapers or other publications in Mount Vernon without having taken out a license to do so; that no person can obtain such license from the common council, except upon a statement in writing filed with the city clerk by the applicant for the license, the form of which statement shall be approved from time to time by the common council; that the common council may refuse to grant any such license for the distribution and sale of newspapers and

other publications whenever it appears to the common council that the number of such licenses should be limited; that the common council may refuse to grant any license whatsoever for the distribution and sale of newspapers and other publications upon the streets and highways; that no person, firm or corporation shall sell, circulate or distribute any newspaper or other publication other than those enumerated in said license, and that all licenses issued under the ordinance may be revoked by the common council at any time without notice to the holder thereof. It will thus be seen that under the provisions of this ordinance the defendants may prevent the circulation of any newspaper they please within the city of Mount Vernon; may discriminate between particular newspapers or classes of newspapers; may discriminate between individual publishers of newspapers or classes of publishers, and may prevent publishers of newspapers and other publishers from writing and presenting their sentiments on all subjects, and restraining and abridging their opportunity as such publishers and the opportunity of the press. On the oral argument the corporation counsel stated in substance that the court could not consider the motives of the defendants in passing the ordinance in question for the reason previously stated by me; that the citizens of Mount Vernon should pass upon that question, and inasmuch as five of the defendants would come up for re-election at the next election the people of the said city would have a full opportunity to decide the pending controversy between the parties to this action. It must be borne in mind, however, that there are other newspapers sold and distributed in the city of Mount Vernon, and that other controversies may arise which may be the subject of legitimate discussion by the press. Under the provisions of this ordinance as it now stands the defend-

ants would have the power to suppress the circulation of any newspaper which criticised adversely any of their official acts by revoking without notice its license and at the same time permit those newspapers which praise their official line of conduct to circulate freely without molestation. I fail to see how the freedom of the press, guaranteed by our organic law, can exist under such conditions. As was stated by Mr. Justice Giegerich, the powers of the common council enumerated in the charter are those delegated to it by the legislature, and the legislature certainly cannot delegate powers which it does not itself possess, and the legislature may not pass a law which contravenes any provision of the state Constitution. As was said in the case of *Fisher Co.* v. *Woods,* 187 N. Y. 90: " The legislature may not, under the guise of protecting the public interest, arbitrarily interfere with private business or impose unusual and unnecessary restrictions upon lawful occupations. The legislative determination as to what is a proper exercise of the police power, is subject to the supervision of the court and in determining the validity of an act it is its duty to consider not only what has been done under the law in a particular instance, but what may be done under and by virtue of its authority." The ordinance, in my opinion, without doubt contravenes the provisions of section 8, article 1, of the Constitution of the state of New York relative to the freedom of the press, and is therefore invalid and a nullity. The defendants argue in this case, as they did in the former one, that the complaint does not allege facts which warrant the intervention of a court of equity by injunction, or which, indeed, entitle the plaintiff to be in a court of equity at all. The plaintiff, however, alleges, as it did in the previous case, large sales made heretofore of the plaintiff's newspapers in the city of Mount Vernon,

27

and further alleges that if the present ordinance is enforced the plaintiff will suffer irreparable loss, for which it has no adequate remedy at law. This brings us to the difference of opinion expressed by the decisions of Justices Giegerich and Young, respectively, in the former action. I concur with Justice Giegerich in his ruling, and I am of the opinion that the authorities as a whole sustain his contention. Mr. Justice Young, in dismissing the complaint in the former action, cited as authorities for his decision the cases of *Delaney* v. *Flood,* 183 N. Y. 323; *Davis* v. *American Society,* 75 id. 362; *Sueskind* v. *Bingham,* 125 App. Div. 787; *Eden Musee American Co.* v. *Bingham,* Id. 780, and *Yorkville Amusement Co.* v. *Bingham,* 64 Misc. Rep. 636. An examination of these cases will demonstrate that in such instance the validity of the statute under which the officers were acting was not questioned, while in the present case the plaintiff seeks protection against irreparable injury from the enforcement of an ordinance which I hold to be unconstitutional and a nullity. In such a case equity has jurisdiction to enjoin the enforcement of unconstitutional statutes and ordinances and criminal prosecution thereunder when the prevention of such prosecution is essential to the safeguarding of rights and property. *Star Co.* v. *Brush,* 103 Misc. Rep. 631; *Truax* v. *Raich,* 239 U. S. 33; *Dobbins* v. *Los Angeles,* 195 id. 222; *Ex parte Young,* 209 id. 123; *Philadelphia* v. *Stimson,* 223 id. 605; *Vicksburg Water Works* v. *Vicksburg,* 185 id. 65. Motion granted, with ten dollars costs.

Motion granted, with costs.