SYMPHONY THEATRE COMPANY, INC., Appellant, *v.* WILLIAM R. ELY, Individually, and as Mayor of the City of Binghamton, New York, and MASON LOWELL, as Police Commissioner of the City of Binghamton, New York, Respondents.

Third Department, May 7, 1919.

**Crime — suit to restrain interference with exhibition of moving pictures on Sunday — violation of Penal Law, section 2145 — equitable jurisdiction.**

In a suit in equity by the owner and operator of a moving picture theatre against the mayor and police commissioner of a city to restrain the defendants from interfering with the plaintiff's exhibition of moving pictures on Sunday, *held* that the complaint was properly dismissed

upon the merits, upon the ground that the act of the plaintiff in conducting its moving picture theatre on Sunday was in violation of section 2145 of the Penal Law and upon the further ground that a court of equity has no jurisdiction.

Woodward, J., dissented.

Appeal by the plaintiff, Symphony Theatre Company, Inc., from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Broome on the 31st day of December, 1918, dismissing the complaint on the merits upon the decision of the court after a trial at the Chemung Special Term.

*Rollin W. Meeker,* for the appellant.

*John Marcy, Jr.,* for the respondents.

Lyon, J.:

The plaintiff is the owner and operator of a moving picture theatre. It conducted its business for profit between the hours of two and eleven o'clock on Sunday. The defendants are the mayor and police commissioner of the city of Binghamton, N. Y. They interfered with the business of the plaintiff, claiming that the same was being conducted in violation of the Penal Law, and warned and threatened patrons who had purchased tickets that, if continued, they should prevent by force the conduct of the business on Sunday. The plaintiff thereupon brought this action in equity and obtained a temporary injunction restraining the defendants from interfering with the exhibition of moving pictures on Sunday. The court dismissed the complaint, holding that the acts of the plaintiff in conducting its moving picture theatre on Sunday was in violation of section 2145 of the Penal Law of the State. Thereupon the plaintiff took this appeal.

This court held in the case of *People ex rel. Bender v. Joyce* (174 App. Div. 574) that the public exhibition of moving pictures on Sunday, given for profit, even though given indoors, and not resulting in noise disturbing the peace of the day, was then a violation of law. We may well stand on that decision alone.

However, another question, that of the case not being

one of equitable cognizance, is presented by this appeal. In *Davis* v. *American Society for the Prevention of Cruelty to Animals* (75 N. Y. 362) it was held that an equitable action could not be sustained to restrain an officer appointed by a sheriff to make arrests, and who has threatened to arrest the plaintiff for an alleged violation of the statute, from making such arrest on the ground that the acts complained of were not a violation of the statute, and that the plaintiff would suffer great damage in his business if the threat was carried into execution; that whether as matter of fact a person is guilty of a violation of said statute cannot be determined in such action; and that the guilt of a person accused of a crime is to be determined in a common-law court by a jury, and the people as well as the accused have the right to have it so determined. In that case Henry Bergh was president and the chief executive officer of the Society for the Prevention of Cruelty to Animals, and duly deputized to make the arrest complained of. But whether the person was guilty or innocent of the crime was to be determined in a law court by a jury; and the court affirmed the judgment, dismissing the complaint, holding that the case made by the pleadings and the proofs was not one of equitable cognizance.

In the case of *Delaney* v. *Flood* (183 N. Y. 323) it was held that equity will not intervene to restrain the police authorities from stationing officers outside of a place having a liquor tax certificate, when such authorities suspect the place of being conducted as a disorderly house, and from notifying customers who are in the place, and those who are about to enter the same, that it is a disorderly house which is likely to be raided at any moment, and that those who are on the premises at the time of such raid are liable to arrest. The court says: " The whole subject may be briefly summed up in the statement that we see nothing in the case at bar to take it out of the ordinary rule that equity will not interfere to prevent the enforcement of the criminal law." It was held by this department in the case of *Chadwick Park Athletic Club* v. *Peasley* (142 N. Y. Supp. 586; affd. unanimously, 161 App. Div. 907; 145 N. Y. Supp. 1117) that equity will not restrain a sheriff from interfering with Sunday baseball by an athletic club intending to have Sunday baseball for the

entertainment of its members; for if the Sunday law is violated thereby, the sheriff must enforce the law; and if it is not violated, and he makes complaint and causes arrests, he is responsible for any injury resulting.

It was held by the Supreme Court of the United States in *Matter of Sawyer* (124 U. S. 200) that a court of equity has no jurisdiction to stay criminal proceedings. The court says: " To assume such a jurisdiction, or to sustain a bill in equity to restrain or relieve against proceedings for the punishment of offenses  *  *  *  is to invade the domain of the courts of common law, or of the executive and administrative department of the government." (See, also, Story Eq. Juris. [8th ed.] § 893.)

The Second Department has held in the case of *Levy* v. *Bingham* (113 App. Div. 424) that an injunction will issue to restrain the police authorities from stationing officers in a restaurant where a lawful business is conducted, when the surveillance is based solely upon a suspicion that gambling is being carried on in an upper room in no way connected with the restaurant, and the answering affidavits fail to show the slightest ground upon which to found such suspicion. The court distinguishes the case from that of *Hale* v. *Burns* (101 App. Div. 101) upon the ground that the latter case was one in which the plaintiff had a liquor tax certificate, and was conducting a saloon, but it was held that in the absence of proof of violations of law, or of circumstances tending towards such proof, the police authorities could be restrained from a continuing trespass on property. The court refers to the case of *Delaney* v. *Flood* (*supra*) with the statement that it does not understand that case as establishing a contrary doctrine; that " the decision was based upon the principle that equity will not interfere to prevent the enforcement of the criminal law. That principle has no application to this case. On the contrary, the court said in that case (p. 326): ' The pivotal point around which this question revolves is, that the plaintiff is engaged in the sale of intoxicating liquors.' " The court then says: " The views herein expressed are in general accord with the recent decisions of the Appellate Division in the First Department in *McGorie* v. *McAdoo* (113 App. Div. 271) and *Burns* v. *McAdoo* (Id. 165)."

Referring to those cases we find that the decisions were by a closely divided court, and that the distinction pointed out, and which controlled the court, was whether the business conducted was legal beyond suspicion.

In *Levy* v. *Bingham* (*supra*) the court further says: " In the case of *Stevens* v. *McAdoo* (112 App. Div. 458), wherein an injunction was denied, I assume from the statement in the opinion of Mr. Justice INGRAHAM that sufficient facts were presented to justify the belief of the police authorities that the premises there in question were being used for unlawful purposes. This case is barren of such facts."

In the case of *Cleary* v. *McAdoo* (113 App. Div. 178) the court held that equity will not enjoin the police from watching premises where gambling is supposed to be carried on, when the police authorities show reasonable cause for believing that the law is being violated.

In the case at bar the law was being violated. The business then conducted by the defendants, the exhibition of moving pictures on Sunday, was illegal. (*People ex rel. Bender* v. *Joyce, supra.*) The Special Term was right in directing judgment in favor of the defendants dismissing the complaint upon the merits, upon both of the grounds stated in the opinion.

The judgment of the Special Term is affirmed, with costs.

All concurred, except WOODWARD, J., dissenting.

Judgment affirmed, with costs.