(58 Misc. Rep. 325.)

ULSTER SQUARE DEALER v. FOWLER et al.

(Supreme Court, Special Term, Queens County. March, 1908.)

1. CONSTITUTIONAL LAW—FREEDOM OF SPEECH—SUPPRESSING NEWSPAPERS.
   The fact that the proprietor of a newspaper has published reckless and scurrilous matter consisting of unjustifiable criticism of his fellow citizens does not warrant the police authorities in suppressing its future publication; Const. art. 1, § 8, authorizing every citizen to publish his sentiments on all subjects, being answerable for the abuse of such right.

2. INJUNCTION—CRIMINAL PROSECUTION.
   Equity will interfere with an attempt to enforce the criminal law, which is, in fact, only a continuous trespass.

Action by the Ulster Square Dealer against Everett Fowler and others for an injunction. Injunction granted.

Frederick N. Van Zandt, for plaintiff.
A. P. Clearwater, for defendants.

CARR, J. The plaintiff is a corporation which publishes a weekly newspaper in the city of Kingston. It comes into court on a verified complaint and supporting affidavits, asking for a temporary injunction against the defendants, restraining them from interfering with the publication and circulation of its newspaper. It complains that these defendants, some of whom are police commissioners and police officers in the city of Kingston, and others of whom are private citi-

zens, have conspired together for the purpose of unlawfully interfering with and suppressing the publication of the paper in question. There is practically no dispute as to the facts. On February 15, 1908, the higher police officers of the city of Kingston, as a result of a public mass meeting held in the courthouse in that city, gave orders to other police officers to enter the building occupied by the plaintiff and to seize and to carry away some 3,700 copies of plaintiff's newspaper, intended to be published and circulated on the following day. The plaintiff, fearing a repetition of this performance, asks from this court injunctive relief against the defendants, forbidding any unlawful interference with it in publishing and vending the newspaper. While the defendants deny any unlawful conspiracy between themselves in relation to the controversy, they admit the acts complained of, and seek to justify them as being within the law. On the argument of the motion, various copies of the newspaper published by the plaintiff were submitted to the court to be read. The defendants claim that the mere reading of the paper published by the plaintiff indicates that it is an unlawful publication, violating sections 317 and 385 of the Penal Code. Affidavits have been submitted to show that this publication has injuriously affected the moral tone of large numbers of the community, and the opinion is expressed therein, by the citizens who made the affidavits, that some method should be put in force for the suppression of the newspaper. The reading of the various copies of this newspaper submitted on the argument indicate very clearly to my mind that the publication in question is in the extreme apparently reckless and scurrilous. It may be easily understood how these worthy citizens of Kingston are shocked and disgusted by the manner and the method of this publication. At the same time, however libelous the subject-matter may be and however offensive to the good moral tone of the community, there is but one way to remedy the situation, and that is by rigid adherence to the law of the land. If the publication is libelous or indecent, there is an appropriate forum in which such fact may be established; and punishment therefore is provided by law. In other words, the plaintiff should be prosecuted by suitable process of law for whatever offenses it has committed. This process of law does not, however, justify the acts admitted by the defendants and complained of by the plaintiff. Two wrongs can never make a right.

Much of the matter in the paper published by the plaintiff consists of rather harsh and perhaps unjustifiable criticism upon the public and private lives of some of the citizens of Kingston. The plaintiff has the constitutional right to publish its newspaper, and is plainly answerable to the criminal law for the manner in which it avails itself of this right. This is declared, in section 8 of article 1 of our Constitution, as follows:

"Every citizen may freely speak, write and publish his sentiments on all subjects, being answerable for the abuse of that right; and no law shall be passed to restrain or abridge the liberty of speech or of the press."

No one can take unto himself the right of suppressing in advance the publication of the printed sentiments of another citizen on any

11 N.Y.S.—2

public or private question. The defendants assert, however, that whatever they have done in the past in regard to the plaintiff's newspaper and intend to do in the future is but an enforcement of the criminal law, and that, therefore, this court should not lend its injunctive process to restrain them. They rely on Delaney v. Flood, 183 N. Y. 323, 76 N. E. 209, 2 L. R. A. (N. S.) 678, 111 Am. St. Rep. 759, in support of this assertion. This case, properly understood, and as applied by a long line of recent authorities, cannot be cited as an authority for the proposition that equity will not interfere with a seeming attempt to enforce the criminal law, but which is, in fact, a continuous trespass. The plaintiff has the right to publish a newspaper; and defendants cannot determine for themselves in advance as to the propriety of that publication and set about to suppress it every time the plaintiff attempts to publish it without committing a continuous trespass, against the plaintiff's property rights. The situation seems to me to be quite a simple one. If injunctive relief cannot be granted under these circumstances, then it may become practically impossible in the future to publish any newspaper, whenever a large popular sentiment has been formed against the publication. If any future issue of the plaintiff's newspaper should in any way offend against the provisions of sections 317 and 385 of the Penal Code, it ought to be a very easy matter in such a community as Kingston to secure prompt and adequate punishment of the offending party.

An injunction will be granted therefor against the defendants, restraining them from entering upon the premises of the plaintiff for the purpose of seizing and carrying away any future issues of its publication or in any manner interfering with its publication, except in the method provided by law for the prosecution and punishment of a violation of any of its provisions.

Ordered accordingly.