STAR COMPANY, Appellant, *v.* EDWARD F. BRUSH, as Mayor of the City of Mount Vernon, and Others, Respondents.

Second Department, December 13, 1918.

**Constitutional law — validity of municipal ordinance prohibiting sale, circulation or distribution of certain newspapers — equity — injunction restraining enforcement of ordinance.**

A municipal ordinance prohibiting the sale, circulation or distribution of certain newspapers from the time such ordinance takes effect until the end of the war is beyond the powers of the municipality as it would thereby invade the constitutional rights of a free press.

A court of equity may intervene by injunction to restrain the enforcement of said ordinance.

APPEAL by the plaintiff, Star Company, from an order of the Supreme Court, made at the Westchester Special Term and entered in the office of the clerk of the county of Westchester on the 26th day of July, 1918, as resettled by an order entered in said clerk's office on the 22d day of August, 1918, denying plaintiff's motion for judgment on the pleadings consisting of an amended complaint and the demurrer thereto.

An appeal is also taken from the judgment entered in said clerk's office on the 26th day of July, 1918, dismissing the

amended complaint pursuant to said order. The facts are admitted. ◆

*Francis M. Scott* [*James W. Gerard* and *S. D. Bowers* with him on the brief], for the appellant.

*J. Henry Esser, Corporation Counsel,* for the respondents.

PUTNAM, J.:

The ordinance purporting to be passed by the aldermen and approved by the mayor of Mount Vernon prohibited the sale, circulation or distribution of any copy or issue of plaintiff's papers, the New York *American* and the New York *Evening Journal,* from the time such ordinance took effect until the end of the war. The penalty was a fine of $500, or six months in the county penitentiary, or both. The complaint, as amended, alleged: "The defendants herein threaten to and will undertake and attempt to enforce the aforesaid ordinance, and will undertake and attempt to, and will interfere with, and prevent, the sale and distribution of plaintiff's aforesaid newspapers, unless restrained by this Court."

Among other averments, the complaint showed that plaintiff's income depended on its circulation, and that by the enforcement of such an ordinance, and the consequent interference with the sale, distribution and circulation of its aforesaid newspapers, plaintiff would "suffer great damage and injury, not susceptible of accurate calculation and determination, and the property rights of the plaintiff in the aforesaid newspapers will be continuously damaged and interfered with, to the irreparable damage and injury of the plaintiff." This averment is admitted by the demurrer. Damage by such ordinance to plaintiff's property could not well be denied.

It is clear that such a ban on a newspaper by a city or municipality is beyond its powers, as it would thereby invade the constitutional rights of a free press. (*Stuart* v. *Press Pub. Co.,* 83 App. Div. 467; *Ulster Square Dealer* v. *Fowler,* 58 Misc. Rep. 325.) Here is a clear property right subjected to damage by an ordinance which was beyond the municipal authority to enact. The complainant's property is continuously damaged. The intervention of the court is asked, not

to save complainant from a penalty, or to declare its innocence, but to stop this continued injury by excluding its papers from local sale. Such an injunction is not an interference with the criminal law. Instead it is judicial restraint against such a continuing injury, which otherwise plaintiff must suffer without redress. This is, therefore, a case for relief in equity. (*McGorie* v. *McAdoo,* 113 App. Div. 271, 274; *Truax* v. *Raich,* 239 U. S. 33.)

The case at bar falls within the rule stated in Pomeroy's Equitable Remedies, that " a court of equity may in a proper case interfere by injunction to restrain any act or proceeding, whether connected with crime or not, which tends to the destruction or impairment of property or property rights." (Vol. 1, p. 635, § 354.)

I recommend that the judgment and order be reversed, costs of appeal to abide the event, and that defendants' motion for judgment be denied, with ten dollars costs.

JENKS, P. J., THOMAS, RICH and BLACKMAR, JJ., concurred.

Judgment and order reversed, costs of appeal to abide the event, and defendants' motion for judgment denied, with ten dollars costs.