FRANK I. LoTEMPIO, Plaintiff, *v.* CITY OF NIAGARA FALLS, NEW YORK, WILLIAM D. ROBBINS, as City Manager of the City of Niagara Falls, New York, and EDWARD T. PIERCE, as Superintendent of Police of the City of Niagara Falls, New York, and ALCOHOLIC BEVERAGE CONTROL BOARD OF THE STATE OF NEW YORK, Defendants.

Supreme Court, Niagara County, January 24, 1938.

*Frank S. Nicholson*, for the plaintiff.

*J. William O'Brien, Corporation Counsel*, for the defendants.

MALONEY, J.  The plaintiff commenced an action against defendants herein, and it appears from the summons and complaint and moving affidavits that for the past few years plaintiff has been and is engaged in the retail business of selling groceries, fruits, vegetables, delicatessen goods, eggs, milk, beer and ale in the city of Niagara Falls, N. Y.

Plaintiff claims to have a large investment in the rentals, stock in trade, trucks and equipment amounting to approximately $5,000, and he further claims he serves from 500 to 700 customers or residents of said city, as well as numerous tourists.

On the 22d day of November, 1937, the common council of the city of Niagara Falls adopted a resolution amending chapter XXXIX of the ordinances of said city, entitled " Meats and Food," by repealing sections 5 and 6 of said chapter and adding nine new sections numbered 5 to 13, inclusive.  The said amended ordinance became effective January 1, 1938.

For the purpose of the within motion, section 10 thereof is the only section considered.  Such section is as follows: " Section 10. No store selling or offering for sale groceries, meats, vegetables, fruits or delicatessen merchandise shall be open for business upon the first day of the week."

At a meeting of the council of said city held December 20, 1937, it was announced by the mayor that it was the intent of the officials of said city to strictly enforce the provisions contained in the amended ordinance hereinabove set out, and on the 2d day of January, 1938 (Sunday), this plaintiff was compelled to lock the doors of his place of business before ten o'clock A. M. of that day under the threat of a police officer of said city that if he did not do so he would be arrested and prosecuted for a violation of section 10 of the ordinance, as amended, and further was ordered to discontinue the sale of beer and ale after one o'clock P. M. on said day, although the plaintiff was the owner and holder of a license to sell beer and ale, granted by the State of New York.  Plaintiff's motion prays for temporary injunctive relief.

The action is brought in equity to restrain defendants from causing plaintiff irreparable damage and injury in the enforcement of said ordinance aforesaid:

" A court of equity will assume jurisdiction, and will enjoin enforcement of a void ordinance where its enforcement will affect property rights and work irreparable injury." (*Cowan* v. *City of Buffalo*, 247 App. Div. 591.)

The common council of the city of Niagara Falls asserts power and authority to enact and enforce the ordinance in question by virtue of section 56 of the charter of the city of Niagara Falls (Laws of 1916, chap. 530). The pertinent part thereof reads as follows: " All the legislative powers of the city, however conferred upon or possessed by it, are hereby and shall be vested in a board known as the ' council of the city of Niagara Falls ' * * *. It shall in addition or supplemental to the authority conferred under general laws * * * have power to adopt resolutions and enact, amend and repeal ordinances consistent with the laws of the State for the government of the city and the management and control of its business and property * * * regulating and licensing such trades, occupations, businesses, circuses, shows, theatrical performances and exhibitions, and places of public entertainment and amusement as the city council may deem proper, and fixing the fees or tax to be charged and paid for and prescribing the manner in which and the conditions on which the licenses under this section or any other provision of this act shall be granted."

Subdivision 13 of section 20 of the General City Law empowers every city in the State " To maintain order, enforce the laws, protect the property and preserve and care for the safety, health, comfort and general welfare of the inhabitants of the city and visitors thereto; and for any of said purposes to regulate and license occupations and businesses."

The power so asserted as the basis of the council's authority is a general power rather than a specific power. In *Cowan* v. *City of Buffalo* (*supra*), Mr. Justice EDGCOMB, writing for the court, stated (at p. 243): " Before legislative authority to enact an ordinance can be said to be specific the grant must define ' its details and mode of enforcement.' (*People ex rel. Knoblauch* v. *Warden, etc.*, 216 N. Y. 154, 162.) The power is general when the manner of exercising it is not specified.' (*Village of Carthage* v. *Frederick*, 122 N. Y. 268.) Or when the ordinance has not been expressly ratified by the Legislature." (Citing cases.)

In the case of *People ex rel. Kieley* v. *Lent* (166 App. Div. 550) Mr. Justice PUTNAM, writing for the court, stated (at p. 551): " The intent that municipal corporations by ordinance can super-

sede the State law will not be inferred from general grants of power, nor will such authority be held to exist as an implied or incidental right." (Dillon Mun. Corp. [5th ed.] § 632.) As all municipal authority comes from the Legislature the provisions of municipal charters, however broad, are subject to such restrictions as may be imposed by general laws. (*Lechner* v. *Village of Newark*, 19 Misc. Rep. 452, 454.) "

Section 2147 of the Penal Law of the State of New York provides as follows:

" § 2147. Public traffic on Sunday. All manner of public selling or offering for sale of any property upon Sunday is prohibited, except as follows:

" 1. Articles of food may be sold, served, supplied and delivered at any time before ten o'clock in the morning. * * *

" 4. Prepared tobacco, milk, eggs, ice, soda water, fruits, flowers, confectionery, souvenirs, newspapers, gasoline, oil, tires, drugs, medicines and surgical instruments, may be sold in places other than a room where spirituous or malt liquors or wines are kept or offered for sale and may be delivered at any time of the day.

" 5. Delicatessen dealers may sell, supply, serve and deliver cooked and prepared foods, between the hours of four o'clock in the afternoon and half past seven o'clock in the evening, in addition to the time provided for in subdivision one hereof.

" The provisions of this section, however, shall not be construed to allow or permit the public sale or exposing for sale or delivery of uncooked flesh foods, or meats, fresh or salt, at any hour or time of the day. Delicatessen dealers shall not be considered as caterers within subdivision three hereof."

The Legislature did not and could not surrender the general power to legislate against criminal offenses which remains in the Legislature. (*People* v. *Jarvis*, 19 App. Div. 466.)

In the case of *People ex rel. Kieley* v. *Lent* (*supra*) the court stated: " The Legislature alone may command how Sunday shall be kept. ( *Neuendorff* v. *Duryea*, 69 N. Y. 557; *People* v. *Dunford*, 207 id. 17, 20; *People* v. *Moses*, 140 id. 215.) Hence the city of Yonkers cannot independently compel and enforce Sunday closing by means of fine or imprisonment, unless such prohibition is part of the law and policy as declared by the Legislature."

The Legislature permits certain forms of business (sought to be regulated herein by ordinance) to be conducted on Sunday within the State by specific regulations and fixes the penalty for violation of such regulations. (Penal Law, §§ 2140–2154.)

The Legislature enacted the Alcoholic Beverage Control Law, chapter 478 of the Laws of 1934, relating to the manufacture, sale

and distribution of all alcoholic beverages within the State of New York and provides for the issuance of licenses and permits by the State Liquor Authority governing the same. Section 54 of the Alcoholic Beverage Control Law provides for the issuance of a license to a grocery and drug store for off-premises consumption. Rule 5 of the Alcoholic Beverage Control Board provides, among other things, that " No beer, wine or liquor shall be sold, offered for sale or given away upon any premises licensed to sell at retail during the following hours: (a) Sunday from three antemeridian to one postmeridian * * * (e) In communities where Daylight Saving Time is in effect, the hours aforementioned shall be governed by the provisions of Daylight Saving Time."

Prior to the adoption of the ordinance in question, the Alcoholic Beverage Control Board issued a license for off-premises consumption to plaintiff herein and the same is now in full force and effect.

In view of the decision in *Matter of Fybern Holding Corp.* v. *Zeitler* (227 App. Div. 840) and the cases hereinabove cited, I am of the opinion that the defendants and each of them should be restrained from enforcing the amended ordinance hereinbefore set out, pending the final determination of the within action.

Let restraining order *pendente lite* be issued from enforcing section 10 of the ordinance.