LIZZA & SONS, INC., and SANTA ANNA ESTATES, INC., Plaintiffs, *v.* TOWN OF HEMPSTEAD and Others, Defendants.

Supreme Court, Special Term, Nassau County, October 28, 1940.

*Leonard W. Hall, Edward Robinson, Jr.,* and *Howard T. Hogan,* for the plaintiffs.

*George R. Brennan, Town Attorney,* for the defendants.

STODDART, J. In this action for a permanent injunction restraining the town of Hempstead from interfering with the removal of top-soil by the plaintiffs from their land, the plaintiffs' right to a judgment is dependent upon a finding that an ordinance adopted by the town is invalid. I so find.

The court recognizes the fact that the removal of top-soil in great quantities has in some instances created an unsightly condition.

It may also be a fact that the underground water reserves in the town have been depleted, that storm water accumulates in the denuded areas, and that dust storms are caused in dry periods. None of these alleged results justifies, however, the enactment of the ordinance in question. This ordinance prohibits the removal of top-soil from any land in the town of Hempstead to any land outside of the county of Nassau. It prohibits the removal of top-soil to any other land within the county of Nassau unless a permit is obtained. The permit, when granted, is for a period of thirty days and the fee for its issuance fifty dollars.

It is well settled that an owner of property has the right to the use of his property without interference by a governmental unit unless the use affects the social, moral, physical and economical condition of the public in general, in which event the interference should only be in the form and to the extent rendered reasonably necessary to protect the public. (*Ives* v. *South Buffalo R. Co.*, 201 N. Y. 271; *Colon* v. *Lisk*, 153 id. 188; *Cowan* v. *City of Buffalo*, 247 App. Div. 591.) Under the ordinance in this case, it would be a misdemeanor for any person to remove a cubic yard of top-soil from property in the town of Hempstead to property beyond the territorial limits of Nassau county. It would also be a misdemeanor for a resident of the town to remove and to deliver top-soil in any quantity to adjoining property owned by another person unless a permit was obtained and a fee of fifty dollars paid. It may be asserted that the ordinance would not be enforced in those hypothetical situations, but " the question is to be determined not by what has been done under it in any particular instance, but by what may be done under and by virtue of its authority." (*Colon* v. *Lisk, supra*, 194.) And, furthermore, the place to which the top-soil may be removed has little or no relation to soil erosion in a denuded area. It may very well be that some form of regulation should be adopted, but it is clear that the present ordinance is discriminatory and not necessary to safeguard the interests of the public.

Judgment for the plaintiffs, without costs. Submit judgment on notice.