FRANK SUPPLY CORP., Plaintiff, v. PATRICK QUILTY as Commissioner of the Department of Water Supply, Gas and Electricity of the City of New York, Defendant.

Supreme Court, Special Term, Queens County, July 28, 1944.

*Henry S. Salamon* for plaintiff.

*Ignatius M. Wilkinson, Corporation Counsel (Harry Zamore* of counsel) for defendant.

FROESSEL, J. The plaintiff, engaged in the plumbing and heating supply business in Rockaway Beach, Queens County, has brought this action against the Commissioner of the Department of Water Supply, Gas and Electricity of the City of New York, to enjoin him from enforcing the following regulation, covering the repair of water meters, promulgated by the defendant on September 14, 1943: " 13. *Repair Work from Plumbers or Owners Only.* Water meters shall be accepted for repair by a water meter repair company only from the owner of the meter or from a licensed plumber holding the meter repair permit and shall not be accepted through plumbing supply houses, a plumber other than one holding the meter repair permit, or other agencies ", upon the ground that the said rule and regulation is unconstitutional in that it " deprives the plaintiff of its property without due process of law, denies the plaintiff the equal protection of the law, impairs the operations of plaintiff's contractual rights, and confiscates plaintiff's right to properly conduct its business."

The answer, in addition to a general denial, contains three defenses, the first of which alleges that under section 734 of the New York City Charter the Department of Water Supply, Gas and Electricity has " authority to regulate water meters, their repairs, and charges relative to their installation and repair ", and that the regulation in question is a lawful, reasonable, justifiable and proper exercise of such power by said Department; the second defense alleges that water meters in use in the city of New York may only be repaired by a water meter repair company who holds a permit from the Department, and that such company must maintain proper facilities for collection, delivery and transportation of water meters; the third defense alleges that the regulation in question " was promulgated in an effort to insure proper repairs of water meters and to protect the best interests of the City of New York and its residents."

I am of the opinion that the regulation challenged here is invalid on the grounds (1) that the defendant was not authorized to promulgate it, and (2) that it is unconstitutional.

1. Section 734 of the New York City Charter provides in part as follows: " § 734. Except as otherwise provided in this charter or by statute, the department shall have jurisdiction, charge and control: * * * 3. Of making and enforcing rules and regulations governing and restricting the use and supply of water. 4. Of making rules and regulations, subject to the approval of the board of estimate, fixing uniform annual

charges and extra and miscellaneous charges for the supply of water, meter rates and minimum charges for the supply of water by meter, annual service charges and charges for meters and their connections and for their setting, repair and maintenance and charges for water where a meter shall fail to register correctly or shall cease to record the flow of water or where a meter shall have been removed, and in cases in which no fines are fixed by provision of law, of fixing and collecting fines for violations of rules and regulations; but no fines shall be imposed against any property unless notice be mailed addressed to the owner of the property, or if his name be unknown, then to the ' owner or occupant ' thereof and a hearing be given.''

It is plain that the rules and regulations contemplated by subdivision 4 of the foregoing section are subject to the approval of the Board of Estimate, and no such approval appears to have been given here. The Corporation Counsel in his brief begs the questions by contending that the regulation was reasonable under subdivision 3 of section 734 of the New York City Charter. Said subdivision merely states that the Department shall have jurisdiction '' Of making and enforcing rules and regulations governing and restricting the use and supply of water.'' This language, it seems to me, does not embrace the repair of water meters and their transmission from the place of installation to the place of repair and back again.

The same situation applies to subdivision (b) of section 734(4)–1.0 of the Administrative Code of the City of New York, the provisions of which, as relied on by defendant, follow: '' * * * the department shall make out all charges for water furnished by the department to such premises in ratable proportion to the water furnished, as ascertained by meter, * * *.'' There is no relationship whatever between this language and the repair and transmission of meters.

2. It is a cardinal principle that a regulation which has the effect of denying or unreasonably curtailing the common right to engage in a lawful private business cannot be upheld as consistent with the Fourteenth Amendment of the United States Constitution. (*New State Ice Co.* v. *Liebmann,* 285 U. S. 262.) Under that amendment nothing is more clearly settled than that it is beyond the power of a State '' under the guise of protecting the public, arbitrarily (to) interfere with private business or prohibit lawful occupations or impose unreasonable and unnnecessary restrictions upon them.'' (*Burns Baking Co.* v. *Bryan,* 264 U. S. 504, 513.) As was said in *Cowan* v. *City of*

*Buffalo* (247 App. Div. 591, 593) : " The right to use and enjoy one's property is safeguarded by both the Federal and State Constitutions, and any law which unjustly interferes therewith deprives the owner of its enjoyment, and is as much a violation of the fundamental law of the land as the actual physical taking of the property would be. (*Matter of Jacobs,* 98 N. Y. 98, 105.) "

The regulation here challenged was enacted pursuant to purported general authority rather than under specific authority of the Legislature. Evidence as to its unreasonableness can thus be introduced. (*Cowan* v. *City of Buffalo, supra,* and cases therein cited.)

The evidence disclosed that in connection with its plumbing and heating supply business, the plaintiff conducted a service, rendered to licensed plumbers holding permits for water meters and to owners of water meters, whereby it called for water meters and delivered them to a duly authorized water company for repair, for which the plaintiff received from the plumber or the owner a small consideration. The plaintiff does not make any repairs to the meters but acts as an agent. It appears that the meters are sealed on the top and can be completely sealed. The City takes the position that it has control over water meter companies and also has control over plumbers who are licensed, but it has no control over plumbing supply houses; that the " rule as promulgated was to prevent anyone not licensed by the Department from handling the meter so that if there were tampering with the meter, the Department would know which of the licensed agencies it could hold responsible for such tampering." The Commissioner does not attempt to license and regulate plumbing supply houses with respect to this service, but promulgates a rule that drives them out of this particular business. If indeed there is an evil to be guarded against, there is no reasonable relation between such evil and the remedy embraced in the regulation here challenged, which prohibits altogether and arbitrarily all participation in this branch of business endeavor except as indicated.

I have weighed the theoretical advantages claimed to be gained by the adoption of this rule as suggested in the defendant's brief and at the trial. Without detailing them here, it is sufficient to say that they are imaginary rather than real and fall short of constituting any good reason for interfering with plaintiff's conduct of its business by an absolute prohibition.

Judgment will be awarded for the plaintiff.